### STODDARD v. ROLAND.

1. To maintain an action for malicious prosecution, plaintiff must prove three things : 1. That there was no probable cause for the prosecution. 2. That it was malicious. 3. That the prosecution was ended before the action was commenced. If there is no evidence tending to show any one of these essential facts, a non-suit is proper.
2. Defendant sold a mule covered by a chattel mortgage held by plaintiff, without plaintiff's *written* consent, or without paying a balance then due on this debt within ten days thereafter or depositing the same with the clerk of court, thus committing the offence prohibited by the statute (*Gen. Stat.*, § 2515). Subsequently plaintiff paid an amount which was sufficient to extinguish the debt, after which defendant (probably supposing that there was still a balance due him) procured a warrant, charging plaintiff with this statutory offence. *Held*, that there was not a want of probable cause, and the plaintiff, on this action for malicious prosecution, was properly non-suited. Payment of the debt before the warrant issued might bear upon the question of malice, but not upon that of probable cause.

Before KERSHAW, J., Laurens, September, 1888.

Action by W. B. Stoddard against J. J. Roland. The opinion states the case.

*Messrs. Ball & Watts* and *C. J. Hunt*, for appellant.

*Messrs. Johnson & Richey*, contra.

July 16, 1889.   The opinion of the court was delivered by

MR. JUSTICE MCIVER.   The plaintiff brought an action for malicious prosecution against defendant, and at the close of the testimony adduced on the part of the plaintiff, a non-suit was moved for and granted, upon the ground that plaintiff had failed to introduce any testimony whatever tending to show a want of probable cause for the prosecution.   The sole question raised by the appeal is whether there was any error in granting the non-suit, though the defendant has, according to the proper practice, given notice that he will endeavor to sustain the judgment below upon another ground, to wit, that there was no evidence tending to show that the prosecution was ended when this action was com-menced.

There can be no doubt that, in order to maintain an action for malicious prosecution, it is incumbent upon the plaintiff to show three things: 1st. That there was no probable cause for the prosecution.   2d. That it was malicious; and, 3d. That it was ended before the action was commenced.   There is as little doubt under the well settled rule as to non-suits, that if the plaintiff fails to offer *any* evidence tending to show either one of these essential facts, a non-suit is proper, otherwise it is not.   So that the practical question raised by the plaintiff's appeal is whether he offered any evidence tending to show a want of probable cause for the prosecution.   We have carefully examined the volumin-ous evidence set out in the "Case," and we agree fully with the Circuit Judge that there was not a particle of testimony even tending to show a want of probable cause for the prosecution. On the contrary, the testimony of the plaintiff himself abundantly shows that he had violated the statute under which he was prose-cuted, and we are unable to find a single fact or circumstance in his testimony, or in that of any of his witnesses, tending to show any want of probable cause for the prosecution.

To make this plain, a brief statement of the origin and his-tory of the controversy between these parties, derived solely from the plaintiff's own testimony and the papers introduced, will be made.   On the 31st of January, 1888, the defendant took out a warrant from a trial justice against the plaintiff for a violation of section 2515 of the General Statutes by selling a mule upon

which plaintiff held a mortgage without the written consent of
the mortgagee. On the next day, the plaintiff having heard of
the warrant, voluntarily appeared at the office of the trial justice
and entered into recognizance to appear before the trial justice
on the 8th of February, 1888. In the meantime, however, the
parties met and had a settlement, in which it was ascertained
that the mortgage debt had then been overpaid a few dollars, and
the excess was refunded to the plaintiff and the prosecution
was "withdrawn by prosecutor," the defendant herein. It ap-
peared, however, that when the mule covered by the mortgage
was sold, or rather exchanged for another animal, there was then
a balance still due on the mortgage debt, though there had been
a large payment made thereon during the previous fall by the
delivery of two bales of cotton. This, so far from being denied,
was expressly admitted by the plaintiff in his testimony, and
there was no pretence that such balance had been paid within
ten days after the mule was disposed of, or deposited with the
clerk as provided for by the statute. On the contrary, the plain-
tiff expressly stated in his testimony that no such payment or
deposit was made within the prescribed ten days.

But the plaintiff seems to rely entirely on the fact that the
mortgage had been paid before the warrant was taken out. How
this can affect the question as to the want of probable cause for
the prosecution, it is impossible for us to conceive, though it is
not difficult to see its bearing upon the question of malice. But
while it is well settled that malice may be inferred from a want
of probable cause (*Bell* ads. *Graham*, 1 Nott & McC., 278;
*Campbell* v. *O'Bryan*, 9 Rich., 206), it is also settled that a want
of probable cause cannot be inferred from any degree of malice.
*Horn* v. *Boon*, 3 Strob., 307. The reason for the distinction is
obvious. Where a prosecution is instituted without probable
cause, the natural inference is that such a groundless prosecution
must have been prompted by malice. But no amount of malice
affords any inference whatever for a want of probable cause, for
all experience teaches that many of the best founded prosecu-
tions are prompted solely by malice. So that even assuming
that the fact that the mortgage debt had been paid before the
warrant was taken out, afforded evidence of malice (though we

are not prepared to say so), this would afford no evidence whatever of a want of probable cause for the prosecution.

It is quite certain that the mule was disposed of not later than the summer of 1885, even adopting the view most favorable to the plaintiff, and there is not a shadow of pretence that the mortgage debt was *then* paid, nor is there any pretence that this was done by the *written* consent of the mortgagee, the utmost claimed by the plaintiff being that he had his *verbal* consent, which does not satisfy the terms of the statute; nor is it pretended that the plaintiff complied with the other provisions of the statute as to the payment or deposit of the admitted balance within the prescribed ten days. Now it is quite clear that if all this be so, as it was expressly admitted to be by the plaintiff in his own testimony, the offence for which the plaintiff was prosecuted was committed in the summer of 1885, and anything that occurred afterwards, whatever may be its effect in other respects, certainly cannot have the slightest effect upon the question as to whether there was a want of probable cause for the prosecution. If a man steals money and afterwards refunds every dollar of it with interest, that certainly would constitute no bar to a subsequent prosecution, and if a warrant is taken out after the money has been refunded, it could not, with any propriety, be said that there was a want of probable cause for the prosecution. So here, even if it had been proved to a moral certainty that the defendant knew when he took out the warrant, that the mortgage debt had been fully paid, that would afford no evidence whatever of a want of probable cause for the prosecution, however much it might tend to show that the prosecution was prompted by malice or some other improper motive.

It is due, however, to the defendant to say, though it has not had the slightest influence upon our minds in determining the question presented, that even the testimony of the plaintiff himself affords some reason to suppose that when the defendant took out the warrant he really did not believe that the debt had been fully paid, and did not become satisfied of that fact until the receipt for the proceeds of the two bales of cotton was produced, which was after the warrant had been taken out. We have looked in vain for the slightest evidence tending to show any

want of probable cause for the prosecution, and in the absence
of any such evidence, we think the Circuit Judge was clearly
right in granting the non-suit.

This being our conclusion, the point raised by respondent's
counsel as to the want of any evidence that the prosecution had
ended, has not been considered.

The judgment of this court is, that the judgment of the Cir-
cuit Court be affirmed.