## 9580

### STATE v. ROOF.

#### (91 S. E. 314.)

1. CRIMINAL LAW—TRIAL—INSTRUCTIONS.—The refusal of requests covered by the charge given is not error.
2. CRIMINAL LAW—APPEAL—PRESUMPTIONS.—Where only a part of the charge of the Court was contained in the case, it will be presumed that the correct law was charged in the omitted portions, and error cannot be predicated on the refusal of requests.
3. HOMICIDE — ASSAULT WITH INTENT TO KILL — VARIANCE BETWEEN INDICTMENT AND PROOF.—In a prosecution for assault and battery with intent to kill, proof that the instrument with which the cutting was done was a razor does not constitute a fatal variance from averments in the indictment that accused used a knife.

Before SHIPP, J., Columbia, September, 1916. Affirmed.

Janie Roof was convicted of assault and battery with intent to kill, and appeals.

*Mr. A. W. Holman,* for appellant.

*Mr. Solicitor Cobb,* for respondent.

February 8, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant was convicted of assault and battery with intent to kill. The errors complained of are in the charge to the jury. The indictment alleged that the appellant cut the prosecuting witness with a knife, while the proof showed that the instrument with which the cutting was done was a razor.

There are three exceptions. The last two raise the same question.

1. "Because the Court erred in refusing defendant's written request to charge the question of self-defense and character." The case contains only a portion of the charge. A trial Judge is not bound to charge in the exact language of the request. If his charge correctly states the law applicable to the case during the charge, he may with entire propriety refuse the charge in the exact language of the request. Only a part of the charge is given, and we must assume that the correct law was charged in the omitted portions. This exception cannot be sustained.

2. The only other question is ruling that there was not a total failure of proof, in that the indictment charged that the instrument of injury was a knife and the proof showed that it was a razor. The case of the *State v. Jenkins,* 48 S. C. L. (14 Rich. 228) 229, 94 Am.

Dec. 132, settles the question against the contention of the appellant.    In that case it is said:

"If the mode of applying the violence be the same in kind as described, it is enough, though the weapon or instrument used and the part of the body hurt be other than as averred."

The appeal is dismissed.