11008.

BUSHARDT v. UNITED INVESTMENT CO.

(113 S. E., 637)

1. APPEAL AND ERROR—EXCEPTION NOT SUPPORTED BY THE RECORD WILL NOT BE CONSIDERED.—An exception that is not supported by the record will not be considered.

2. APPEAL AND ERROR—MOTION FOR NONSUIT WILL BE PRESUMED TO HAVE BEEN CORRECTLY MADE IN ABSENCE OF SHOWING TO THE CONTRARY IN THE RECORD.—Where the record shows that a motion for nonsuit was made and refused, in the absence of a showing to the contrary in the record the Supreme Court will assume that the motion was reduced to writing, and that the grounds thereof were stated as required by rule 18 of the Circuit Court (33 S. E., 8)

3. APPEAL AND ERROR—RESPONDENT SHOULD TAKE STEPS TO HAVE RECORD SHOW FACTS AFFIRMATIVELY.—Where the copy of the record served on respondent disclosed that the grounds set out in an exception to the refusal to grant a motion for nonsuit were not a correct presentation of the grounds assigned for the motion as made at the trial, respondent should have taken steps to have the record amended so as to show the facts affirmatively. .

4. FALSE IMPRISONMENT—ACTION FOR FALSE IMPRISONMENT NOT MAINTAINABLE FOR LAWFUL ARREST.—Where one is properly arrested by lawful authority, an action for false imprisonment cannot be maintained against the party causing the arrest.

5. FALSE IMPRISONMENT—MALICIOUS PROSECUTION—MALICIOUS PROSECUTION REMEDY FOR LAWFUL ARREST WITHOUT PROBABLE CAUSE.—Where a lawful arrest has been improvidently procured, without probable cause, the remedy of the party thus wronged lies in an action for malicious prosecution, in which action the necessary element of malice may be inferred as a fact from the want of probable cause.

6. TRIAL—WHERE ONLY ONE INFERENCE CAN BE DRAWN FROM THE EVIDENCE, THE QUESTION IS ONE OF LAW FOR COURT.—Where only one reasonable or legitimate inference can be drawn from the evidence, the question is one of law for the court.

7. ARREST—A PEACE OFFICER MAY ARREST WITHOUT· A WARRANT ONE
   WHOM HE HAS REASONABLE GROUNDS TO SUSPECT OF HAVING COM-
   MITTED A FELONY; "SUSPICION."—A peace officer may arrest with-
   out a warrant one whom he has reasonable and probable grounds
   to suspect of having committed a felony, as "suspicion implies a
   belief or opinion as to guilt based upon facts or circumstances
   which do not amount to proof," and the test is whether the facts
   or circumstances are such as would actuate a man of ordinary rea-
   son and prudence in the officer's situation, acting in good faith
   in the discharge of the officer's duties.

8. FALSE IMPRISONMENT—ARREST ON IDENTIFICATION OF PRISONER AS
   ROBBER HELD LAWFUL.—Where plaintiff's arrest without warrant
   for a robbery at defendant's store was made by a peace officer
   acting on positive identification of plaintiff, a white man, as the
   robber, located from information given by the victim, the officer
   was justified in acting on the information, though the informant
   was a negro boy clerking in · the store; and therefore the arrest
   was lawful, and not ground for an action for false imprisonment.

9. FALSE IMPRISONMENT—PRINCIPAL'S LIABILITY FOR ACT OF AGENT
   STATED.—The liability of a principal for the act of the agent in
   causing a false arrest or imprisonment is dependent on whether
   the principal previously authorized the act or subsequently rati-
   fied it, or whether the ·act was within the scope of the agent's
   employment.

10. FALSE IMPRISONMENT—EMPLOYER HELD NOT LIABLE FOR ACTS OF
    SODA FOUNTAIN CLERK CAUSING ARREST.—A soda fountain clerk
    in a drug store has no implied authority to institute criminal
    proceedings on a charge of robbery on behalf of the master so
    as to render the master liable for false imprisonment, though
    the stolen property was in the clerk's custody.

Before BOWMAN, J., Richland, December, 1921.  Re-
versed.

Action by W. K. Bushardt against United Investment
Co. Judgment for plaintiff and defendant appeals.

*Mr. N. J. Frederick,* for appellant, cites:  *Oral demur-
rer was timely:* 15 S. C., 490; 17 S. C., 411; 18 S. C., 499;
29 S. C., 64.  *No false imprisonment where it is done un-
der process legally issued:* 29 S. C., 180; 63 N. Y. S.,
352; 73 S. C., 188; 57 N. E., 1107; 25 C. J., 531; 57 Cole.,
535.  *Person committing a felony in view of officer may*

*be arrested without a warrant:* 74 S. C., 412. *Allegation of "illegal arrest" is a conclusion of law:* 157 N. Y. S., 103; 39 N. Y. S., 830; 25 Pac., 129; 133 Ky., 695. *Right to arrest on suspicion and without warrant:* 5 C. J., 399; 417 Crim. Code 1912, Sec. 1; 50 S. C., 405. *Arrest was legal:* 3 Ward., 350; 43 Ark., 99; 5 Cush., 281; 43 Id., 95; 107 La., 471; 114 Me., 137; 96 Md., 715. *Clerk was not acting within scope of authority in identifying his assailant:* 25 C. J., 502; 136 N. C., 517; 72 S. C., 205; 86 S. C., 73; 172 U. S., 534. *Citizens aiding officers in detecting crime will be protected:* 134 Cal., 103; 56 N. Y., 45; 126 N. C., 139; 48 N. C., 433; 25 C. J., 539, 540. *No liability to direct arrest where it is officer's duty to make the arrest:* 25 C. J., 470.

*Messrs. A. F. Spigner* and *R. Y. Kibler,* for respondent, cite: *Liability for falsely reporting one, resulting in arrest:* 70 S. C., 72; 109 S. C., 93. *Grounds of motion for nonsuit not being reduced to writing, fatal to appeal:* 63 S. C., 566; 96 S. C., 346; 93 S. C., 364; 95 S. C., 4; 94 S. C., 325; 106 S. C., 278; 102 S. C., 174; 101 S. C., 299. *Scope of agency is for the jury:* 109 S. E., 93. *No grounds for new trial in record:* 111 S. C., 463; 109 S. C., 365; 78 S. C., 502.

September 1, 1922.

The opinion of the Court was delivered by Mr. Justice Marion.

This was an action for damages on account of alleged false imprisonment arising out of the following facts:

On or about the 20th of January, 1921, F. S. Strickland, a police officer, the chief of detectives of the City of Columbia, received a report of the commission of a robbery at a store in Washington Street in said City. The information was conveyed to him by a negro boy who worked "in the front of the Regal Drug Store" as a "soda jerker."

The boy claimed to have been held up at the point of a. pistol and "robbed of what cash was in the register that night" and gave the officer a description of the man who had committed the crime.   The officer proceeded to investigate, and the next day had the boy with him the greater part of the morning looking for this man.   After the boy had left him, Detective Strickland saw Mr. Bushardt, the plaintiff in this action, standing at the postoffice wearing an overcoat that filled the description given him.   The officer did not immediately arrest Mr. Bushardt, but invited him to get in the car with him and drive down the street, telling Bushardt that he wished to have a party look at him. Bushardt did not know Strickland was a police officer, went with him willingly, and makes no claim that he was then subjected to restraint or compulsion of any kind. They drove to the Regal Drug Store.   The negro boy, the "soda jerker," was called out, and "after Bushardt had got on the ground" the boy said, "That is the man."   The officer asked Bushardt to go in the store, get down behind the counter, and stand at the cash register.   The boy was cautioned to be "sure."   He insisted that Bushardt was the man who held him up.   The plaintiff testified:

"He [the boy] said, 'Carry him on; I know that is the man.'   Upon that statement Mr. Strickland carried me on to the city jail."

Mr. Strickland, who testified as a witness for plaintiff, said:

"On the strength of that identification, I took him to jail.   The boy identified the man—that was all.   Upon his saying that was the man and to hold him, I did so."

The plaintiff, who was a non-resident white man about 28 years of age, and, as the record indicates, of good character, was held in jail until the following morning, when he was discharged by the recorder.   He then brought this action against the defendant, the corporation that owns and

operates the Regal Drug Store, for false imprisonment. From judgment on verdict for plaintiff the defendant appeals.

The appellant's second exception is directed to the refusal of the defendant's motion for a non-suit.   It is charged that the Circuit Judge erred in not granting a non-suit, in that:

"(a)   The evidence showed conclusively that the arrest and detention were legal; there being no disputed facts to submit to the jury.

"(b)   There is no evidence from which it can be inferred that the employee was acting in the interest of his master—the defendant—instead of himself personally, it being remembered that the servant who reported the robbery to the officer and made the identification was the one himself who was held up.

"(c)   There is no evidence that the defendant authorized, acquiesced in, or ratified the acts of its employee, or that the employee was acting within the scope of his employment.   Instead, the evidence affirmatively shows that no one but the servant himself had anything to do with the matter, and that, too, at the bidding of the police."

Respondent objects to the consideration of this exception upon the ground that the case does not disclose that the motion for nonsuit was reduced to writing by the moving counsel, or by the stenographer under the direction of the Court, and the grounds thereof stated, as required by Rule 18 (33 S. E., 8) of the Circuit Court.   The case contains this statement:   "At the close of the testimony, defendant moved for a nonsuit, which after argument, was refused."   It is well settled that this Court will not consider an exception that is not supported by the record.   *Hicks v. So. Ry. Co.,* 63 S. C., 566; 41 S. E., 753; *DuPre Co. v. Railway Co.,* 96 S. C., 346; 80 S. E., 710; *State v. Hampton,* 106 S. C., 278; 91 S. E., 314; *Clark v. Express Co.,* 101 S. C., 299; 85

S. E., 720.   It follows that an objection to the considera-
tion of an exception that is not sufficiently supported by the
record cannot be sustained.   It appearing from the "case"
that the motion for nonsuit was made and refused, in the
absence of any showing to the contrary, it must be assumed
that there was due compliance with Rule 18 of the Circuit
Court, and that the grounds of the motion as presented on
Circuit are correctly set out in appellant's exception 2.   In
*Elkins v. Railroad Co.,* 59 S. C., 1; 37 S. E., 20, this Court,
speaking through Chief Justice McIver, to a closely analo-
gous point, said:

"If it should be said that the 'case' does not show that
the respondent complied with the requirement of Rule 18 of
the Circuit Court, that the specific grounds upon which the
demurrer rested should be pointed out, a sufficient answer
would be that it does not appear that any such question was
either raised or passed upon by the Circuit Judge, and hence
this Court cannot consider it.   Besides, in the absence of
any showing to that effect in the 'case,' this Court would
have no right to assume that a party has disregarded the
rules of Court."

In *Stanford v. Cudd,* 93 S. C., 367; 76 S. E., 986, the
Court held:

"It is not necessary to repeat the requests to charge, the
grounds of a motion for nonsuit, or the grounds of appeal
to the Circuit Court, as is often done.   A simple statement
in the record to the effect that they are correctly set out in
the exceptions is sufficient."

While in this case it is not expressly stated in the record
that the grounds of the motion for nonsuit are correctly
set forth in the exceptions, in perfecting the appeal the case
and exceptions must have been served in due course upon
respondent's counsel.   They were thereby notified that this
Court would be asked to review the refusal of the motion
for nonsuit duly noted in the case upon the grounds set out

in Exception 2. If the grounds set out in that exception were not a correct presentation of the ground assigned for the motion as made on Circuit, respondent's counsel should have taken steps in apt time to have the case amended and settled so as to show the facts affirmatively. There can be no doubt that where an appeal involves the trial Judge's. ruling on a motion for nonsuit, in the absence of an express agreement in the case to the effect that the grounds are correctly set out in the exceptions, the better practice is to incorporate in the case the grounds of the motion and the trial Judge's ruling thereon, to the end that this Court may not be called upon to consider grounds for nonsuit which may be embodied in the exceptions, but which were not in fact ruled upon by the Court below. See *Hicks v. So. Ry., supra.* But the mere fact that the grounds of the motion are not set out in the case is not sufficient to warrant this Court in indulging in a presumption that the exception directed to the Judge's refusal of the nonsuit does not correctly present the grounds of the motion as made on Circuit. We are therefore constrained to hold that appellant's Exception 2 should be considered on its merits.

The first ground upon which this exception predicates 4, 5 error in refusing the motion for nonsuit is that "the evidence showed conclusively that the arrest and detention were legal." It has been definitely decided in this jurisdiction that where one is "properly arrested by lawful authority," "an action for false imprisonment cannot be maintained against the party causing the arrest." *Barfield v. Coker,* 73 S. C., 192; 53 S. E., 170; *McHugh v. Pundt,* 1 Bailey, 441; *McConnell v. Kennedy,* 29 S. C., 187; 7 S. E., 76; *Whaley v. Lawton,* 62 S. C., 91; 40 S. E., 128; 56 L. R. A., 649. If a lawful arrest has been improvidently procured, without probable cause the plaintiff's remedy lies in an action for malicious prosecution, in which action the necessary element of malice may be inferred as a fact from

the want of probable cause. *Graham v. Bell,* 1 Nott & McC., 278; 9 Am. Dec., 687; *Stoddard v. Roland,* 31 S. C., 344; 9 S. E., 1027; *Hogg v. Pinckney,* 16 S. C., 400; *China v. S. A. L. Ry. Co.,* 107 S. C., 179; 92 S. E., 335. For good reasons grounded in sound public policy, we apprehend that the law refers an innocent person so wronged to the action of malicious prosecution for the only redress to which he is entitled. Upon the issue here involved in an action for false imprisonment, the sole inquiry is, Was the plaintiff unlawfully restrained of his liberty? *Barfield v. Coker, supra.*

The defendant introduced no evidence, and the facts are undisputed. Under the well-settled rule, if only one reasonable or legitimate inference can be drawn from the evidence, the question is one of law for the Court. *Ford v. Kelsey,* 4 Rich., 365.

The plaintiff was charged with the commission of a felony, and was subjected to arrest and detention by a peace officer without a warrant. There is no evidentiary basis for a contention that the defendant, through any of its agents and servants, actively participated in the actual seizure or detention of the plaintiff's person. The fact is uncontroverted that the arrest was made and the detention enforced by the police officer alone; the defendant's only connection therewith being through the identification, accusation, and request for arrest made by its employee, the "soda jerker." The lawfulness of the arrest and detention must therefore depend upon the right of the officer to arrest and detain the plaintiff in the circumstances, and the test to be applied is the same as if this action for false imprisonment had been brought against the officer, Strickland, alone.

The first point of the inquiry is as to nature and extent of the peace officer's authority. There can be no doubt that the common law "recognized the right of a peace offi-

cer to arrest without a warrant one whom he had reasonable or probable ground to suspect of having committed a felony, even though the suspected person was innocent, and although no felony had been committed.'' *Price v. Tehan,* 84 Conn., 164; 79 Atl., 68; 34 L. R. A. (N. S.), 1182; Ann. Cas., 1912B, 1183; 4 Bl. Com., 292; 2 Swift's Dig., 388; *Samuel v. Payne,* 1 Dougl. K. B., 359; *Beckwith v. Philby,* 6 Barn., etc., 635; *Rohan v. Sawin,* 5 Cush. (Mass.), 281. It does not appear that that doctrine has ever been limited or modified in this State. The decision in *State v. Anderson,* 1 Hill, 327, 329, which involved the arrest by private parties without a warrant of a supposed fugitive murderer from Georgia, enunciated the principle that in order to justify an "arrest by a private person" it was "incumbent on the person making an arrest to show the actual fact from which the law raised a presumption that a felony had been committed." *State v. Griffin,* 74 S. C., 414; 54 S. E., 603. The effect of the statute, now Section 1, Criminal Code 1912, was pointed out by the present Chief Justice in the Griffin case, providing that "any person" might arrest "upon certain information"—that is, reasonable, positive and creditable information—that the act from which the law presumes a felony had been committed. Clearly the statute which merely conferred a right (not then existing) upon any person to arrest without a warrant upon "certain information" cannot be held to be in derogation of the common-law right of a peace officer to arrest in felony cases. That right remaining unaffected by the statute, it is immaterial to inquire whether the privilege of arrest conferred upon "any person" by the statute differs in any substantial particular from the common-law right of the peace officer. For the purposes of the present inquiry, we apprehend that the law, as to which there is practical unanimity among the authorities, may be thus stated:

"A peace officer may arrest without a warrant one whom he has reasonable and probable grounds to suspect of having committed a felony, even though the suspected person is innocent." 5 C. J., 399.

"The reasonable and probable grounds that will justify an officer in arresting without warrant one whom he suspects of felony must be such as would actuate a reasonable man acting in good faith." 5 C. J., 417.

For an elaborate review of the authorities upon this subject, see the dissenting opinion of Mr. Justice Cothran in *Falls v. Palmetto Power & Light Co.* (S. C.) ; 109 S. E., 93. In that case the Circuit Judge charged that an officer could not lawfully arrest upon information and without a warrant, unless the information "is reasonably calculated to satisfy a man of ordinary prudence and reason that the party sought to be arrested is guilty of a felony." That charge, not being appealed from, was applied by this Court as the law of that case, but was not expressly approved. The law, as therein stated by the Circuit Judge, would seem to be a somewhat too harsh or restricted statement of the test to be applied to an officer's conduct. Where it turns out that an innocent person has been arrested, it is practically impossible, in the light of the "hindsight" which has transfigured the entire situation, to find in any case that the evidence upon which the officer acted was "reasonably calculated to satisfy a man of ordinary prudence and reason" that the person sought to be arrested was "guilty of a felony." The officer in the discharge of his duty must often act upon his own judgment in circumstances of emergency. He should be "protected if he acts in good faith and on reasonable grounds of suspicion." 11 R. C. L., 801. As was held in the case of *State v. Anderson, supra:*

Even "private persons are permitted to arrest, where a felony has been committed and there are reasonable grounds to suspect the party arrested to be the felon."

"Suspicion" implies a belief or opinion as to guilt based upon facts or circumstances which do not amount to proof. See Century Dict. The test of the sufficiency of the facts and circumstances to justify the arrest is whether they were such as would actuate a man of ordinary reason and prudence in the officer's situation, acting in good faith in the discharge of the officer's duties. 5 C. J., 417.

Applying these principles to the undisputed facts of the case at bar, most strongly construed in favor of the plaintiff's contentions, we are unable to resist the conclusion that the plaintiff was lawfully arrested and detained by a peace officer in the discharge of his duty. The arrest was made upon positive and explicit information that a felony had been committed within the officer's jurisdiction upon a positive and unequivocal identification of the plaintiff as the person who had committed the crime. The only possible ground for impeaching the validity of the arrest and detention is that the information was untrustworthy and was derived from an unreliable source. The test is, Does the evidence warrant a reasonable inference that a man of ordinary sense and prudence, situated as was Strickland and engaged in the performance of his official duties, would not have relied and acted upon the information? The evidence is that Strickland, the head of the detective force of the City, acted only after investigation. He had his informant, the alleged victim of the holdup, with him for the greater part of the morning after the robbery. He had opportunity to check up the boy's story and to form an opinion of his honesty and veracity. He first located the plaintiff from a description previously given him by the boy. Following this the plaintiff was positively identified by the boy under conditions favorable to a reliable identification. The officer had opportunity to observe the plaintiff's conduct under the accusation made. There is no evidence that the robbery was not committed, and none that

there was any other source of information available as to the commission of the crime or as to the identity of the perpetrator.  The staging of a holdup does not provide for the participation of reliable third parties as witnesses.

The fact that the informant and victim was a negro and the person charged a white man does not warrant an inference that the information was of so unreliable a character that the officer was not justified in acting thereon.  The law is not a respecter of persons, and its administration should not be open to the criticism that members of a race who have no part in its official enforcement are denied the consideration and protection to which they are justly entitled.  The plaintiff having been positively identified by the one person who was in position to identify him as the robber, two courses were open to the officer; one to turn the supposed felon loose until a warrant could be secured, and the other to hold him.  In the absence of circumstances known to the officer, sufficient reasonably to discredit the information received, as to which there is no evidence in this case, we think there is no escape from the conclusion that Strickland was not only warranted in acting upon the information that he had received, but would have been guilty of dereliction to duty if he failed to do so.  If justified in acting upon the information, the arrest by the officer and the detention until the prisoner could be taken before the Recorder the next morning were lawful.  If the arrest and detention were lawful, the plaintiff's cause of action for false imprisonment was not established, and the nonsuit should have been granted upon that ground.

But, even if the arrest and detention of the plaintiff were not lawful, we think defendant was entitled to a nonsuit upon the second ground assigned (subdivisions "b" and "c" of Exception 2), viz.: that the relation of the master and servant shown to exist between the soda clerk and the defendant did not, under the facts

established, impose upon the defendant as master liability for the conduct of the servant in causing the arrest and detention of plaintiff. There is not a scintilla of evidence that any agent or servant of the defendant corporation other than the negro boy employed as a "soda jerker" had anything whatever to do with the arrest or detention of the plaintiff. It is well settled that the liability of a principal for the act of the agent in instituting a malicious prosecution or causing a false arrest or imprisonment is dependent on whether the principal previously authorized the act, or subsequently ratified it, or whether the act was within the scope of the agent's employment." Note, *Fisher v. Westmoreland,* Ann. Cas., 1914B, 638. There is no evidence to support an inference that the conduct of the negro boy in the case at bar was previously authorized or subsequently ratified by any one connected in any capacity with the defendant. The only basis upon which the responsibility of the defendant can be predicated is that the act of the boy in causing the arrest and detention of the plaintiff was within the scope of his employment as a clerk in the drug store. It is inferable from the testimony that the "cash in the register," alleged to have been taken by the robber, was in the custody of the boy at the time of the robbery, and was the property of the defendant. But robbery is an offense both against the person and against the property. It was not only the personal right of the boy, but his duty in the circumstances to take steps to apprehend the supposed felon and to bring him to justice. The nature of the alleged crime charged it with a peculiar personal interest for the boy. In the absence of any fact or circumstance tending to establish that the boy was acting for his employer and not for himself, it certainly cannot be assumed that he acted in this matter as a servant engaged in the master's business, and not on his own initiative and on his own account. In the case of *Falls v. Palmetto Power & Light*

*Co., supra,* this Court held that where there was testimony that the agent who instigated the arrest of a supposed thief was the general manager of the company, and was acting "on account of the company's business," the question of the agent's authority to bind the company was for the jury. Here no general authority to act for the master is to be inferred from the nature of the servant's employment. It would seem clear that a mere soda counter clerk in a drugstore has no implied authority as such to institute criminal proceedings upon a charge of felony on behalf of the master. As to implying such authority from the fact that the stolen property at the time of the robbery was in the boy's custody, we think the case clearly falls within the principle announced and implied by this Court in *Simmons v. Okeetee Club,* 86 S. C., 73; 68 S. E., 131. That a tortious act committed in putting the criminal law in operation after property has been stolen cannot be held to be within the implied authority of a servant merely because such servant was charged with the protection and preservation of the property at the time of the theft is settled by the great weight of authority. *Daniel v. Railway Co.,* 136 N. C., 517; 48 S. E., 816; 67 L. R. A., 455; 1 Ann. Cas., 718. Upon this point see full discussion and review of the authorities by Mr. Justice Cothran in *Falls v. Palmetto P. & L. Co., supra.*

The conclusion that the motion for nonsuit should have been granted renders unnecessary a consideration of the other exceptions.

The judgment of the Circuit Court is reversed, and the cause is remanded for appropriate entry of judgment under Rule 27 (90 S. E., xii).

Reversed.