**TAYLOR, Appellant, v. CONTINENTAL CASUALTY COMPANY, Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 6437. Decided January 22, 1945.

Joseph Lemkuhl, Cincinnati, for appellant.

Bert H. Long, Cincinnati, and Mr. Milton M. Bloom, Cincinnati, for Appellee.

## OPINION

By MATTHEWS, J.

This is an action to recover damages on account of personal injuries caused by negligence in the maintenance and operation of a defective elevator which caused it to drop from the second floor of a building of The Red Top Brewing Company, by which the plaintiff was employed at the time.

The relation of the defendant to the incident was described in this language:

"Plaintiff says that said freight elevator was insured by defendant, and that by reason thereof, under §1038-6 GC, the defendant could designate persons to inspect elevators covered by such company's policies; that in pursuance thereof, said defendant prior to the date of said accident, did designate certain of their employees to act as special inspectors of elevators insured by defendant, and said employees of defendant were thereupon appointed by the Division of Factory and Building Inspection, special inspectors of elevators in the State of Ohio for Continental Casualty Company, the defendant herein."

This was followed by allegations that:

"x x x defendant's agents and employees, acting as such special inspectors of elevators insured by defendant, in violation of §1038-13 GC negligently and carelessly failed to report to the Division of Factory and Building Inspection, as required of them, the exact condition of the freight elevator" and the pleader then set forth with particularity the respects in which the special inspectors failed to report that they failed "to shut down said elevator, as required of them, when it could not be operated according to law"; that they failed to supply the Division of Factory and Building Inspection with copies

of their inspections "as required of them"; that they failed to inspect the elevator once every six months, "as required of them in violation of §1038-12 GC"; that they permitted the elevator to be used in violation of law "in order that defendant's insurance on said elevator could be continued."

The defendant moved to strike all of these allegations from the petition, on the ground that they were immaterial and irrelevant, and also because of the form in which they were pleaded. The Court sustained the motion, and the plaintiff, not desiring to plead further, the action was dismissed at his costs.

If the allegations were bad in form, the order striking them was proper regardless of whether they were relevant or material, but we pass that question, because we have reached the conclusion that construing all the averments of the petition most favorably to the plaintiff, it still fails to state a cause of action.

It will be noticed at once that there is no allegation that the defendant owned, was in possession of, or in control of the elevator. Reliance, therefore, cannot be based upon a duty arising out of possession or control. There is no allegation that the defendant owed any contractual duty to the plaintiff. It is clear then that no duty to the plaintiff was neglected, unless the allegation that the defendant had "insured the elevator" and had under the provisions of §1038-6 GC, designated persons who were appointed special inspectors and paid their salaries and that these special inspectors had failed in their duty to properly inspect and report to the Division of Factory and Building Inspection of the State of Ohio, of which they were a component part.

As between the plaintiff and his employer, The Red Top Brewing Company, the duty of complying with the applicable laws and exercising reasonable care to provide a safe place for the plaintiff to work rested upon the employer, and whatever liability to respond to a civil action for damages by its failure rested solely upon it.

We do not doubt that another could assume this duty of the employer and that in a situation, such as here, where the danger resulting from failure to perform the duty was clearly apparent, a duty would arise on the part of the person assuming such duty not to neglect to perform it. That is but the application of a general rule to a specific situation. 2 Restatement of Law of Agency, 776. We have applied the general rule to other situations. Gibson v Johnson, 69 Oh Ap., 19; Bryant, Admr. v Schrage, Admr., Butler County Court of Appeals, No. 878, decided by this Court May 4, 1944, 75 Oh Ap 62.

The question before us is whether the allegations show that the defendant actually assumed this duty of the employer. Certainly, the mere allegation that it had "insured the elevator" contains no such implication—much less a direct assertion. The plaintiff, therefore, is forced to rely on the allegations that the defendant designated and paid the salaries of the persons who as special inspectors of the State of Ohio failed to perform their public duty. While it is alleged that their motive in so failing was to enable the defendant to continue its insurance, there is no allegation that any one authorized them to promote the defendant's business by neglecting their public duty.

We have been cited to but one case in which it was sought to hold the employer of a special inspector for neglect of duty by him, and that is the case of Sheridan v Aetna Casualty & Surety Co., 3 Wash. (2nd) 423, 100 Pac. (2nd.) 1024, in which the defendant was held liable. However, it was provided in that policy that the insurer would inspect the elevator and suggest such changes as would operate to reduce the frequency and severity of injuries, and the insurer actually assumed the duty of the employer in that regard, and it was upon that ground that it was held liable. In the case at bar, no provision of the policy was pleaded. It cannot be inferred, therefore, that the special inspectors were performing a contractual duty owed by the defendant when they inspected the elevator and reported to the state, or that their failure in that regard was a failure of a duty owed by the defendant to the plaintiff. To so conclude would be begging the question presented by the record.

While we have found no other case presenting the question of the liability of the employer for the acts of special inspectors appointed under statutes similar to §§1038-6, et seq., of the GC, there are many cases involving the liability of the employer of special police officers—and we regard these cases as presenting similar legal problems.

In New York, Chicago & St. Louis Railroad Co. v Fieback, 87 Oh St 254, the Court held as stated in the syllabus that:

"1. A policeman who is appointed and commissioned by the Governor, under Sections 3427 and 3428, Revised Statutes (§§9150 and 9151 GC), although his appointment was upon the application of a railroad company and his salary is paid by such company, is a public officer, deriving his authority directly from the state; and his acts will be presumed to have been performed in his capacity as such officer, until such presumption is overcome by sufficient evidence.

"2. A railroad company is not liable for the wrongful acts of such officer while acting by virtue of his office, unless such wrongful acts occurred in the performance of an act which was outside of the public duties of a policeman, and which was authorized or ratified by such company."

See, also: Erie R. Co. v Johnson, 106 Fed. (2d.) 550.

In **Penna. Rd. Co. v Deal, 116 Oh St 408,** the Court held that under the facts of that case it was a question for the jury to determine whether the special police officer had departed from his public duty in causing an arrest and was acting in his private capacity for his employer. The facts showed that he cooperated with other employees in making the arrest. The Court quoted with approval the syllabus in N. Y., Chicago & St. L. R. R. v Fieback supra.

The cases on this subject are collected in the annotation to Bushardt v United Investment Co., 35 A. L. R. 637, (121 S. C., 324, 113 S. E. 637) at 681, where it is said:

"The general rule is that, in the absence of statute, a private person or corporation is not responsible for the acts of a special police officer, appointed by public authority, but employed and paid by the private person or corporation, when the acts complained of are performed in carrying out his duty as a public officer."

A long list of cases from many jurisdictions in support will be found following the statement.

As already noted, there is no allegation that defendant had assumed the duty of the employer in relation to this elevator. The special inspectors could not, for that reason, have been engaged in the performance of a duty owing by the defendant. The State of Ohio in the exercise of its governmental or police power had legislated in the interest of the public safety and had created the office of special inspectors to execute such legislation. Their failure constituted misfeasance or nonfeasance in office, and a violation of the duty they owed to the state and not a private duty they owed to the defendant.

For these reasons, the judgment is affirmed.

ROSS, P. J., HILDEBRANT & MATTHEWS, J J., concur in the Syllabi & Opinion.