**GEORGE v. LEONARD et al.**
**Civ. A. No. 1444.**

District Court, E. D. South Carolina, Columbia Division.

May 5, 1947.

Wise & Whaley, of Columbia, S. C., for plaintiff.

David W. Robinson, of Columbia, S. C., and John K. deLoach, of Camden, S. C., for defendants.

WYCHE, District Judge.

This is an action for abuse of criminal process; it was consolidated for trial with an action for malicious prosecution, 71 F.Supp. 665. After the completion of plaintiff's evidence, I granted defendants' motion for dismissal, upon the ground that no action for abuse of criminal process could be maintained under the law of South Carolina.

The case is now before me upon motion of the plaintiff for a new trial.

There are no cited cases that recognize an action for abuse of criminal process in South Carolina, in so far as I have been able to discover, and none has been cited by counsel.

South Carolina has long recognized two kindred causes of action (1) for un-lawful arrest or false imprisonment, and, (2) malicious prosecution. Where one is unlawfully detained without a warrant or under a defective warrant he has a cause of action for false imprisonment. Where his lawful arrest has been improvidently made, without probable cause and with malice his remedy is an action for malicious prosecution. Bushardt v. United Investment Co., 121 S.C. 324, 330, 113 S.E. 637, 35 A.L.R. 637; Barfield v. J. L. Coker & Co., 73 S.C. 181, 53 S.E. 170. There are, of course, causes of action for abuse of civil process relating to the misuse of an attachment, distress for rent and arrest and bail procedure.

An action for abuse of process, criminal and civil, is expressly recognized at common law, and it appears to be recognized in every jurisdiction in the United States, where the courts have had occasion to pass upon the question, except in the State of Georgia.

If process, either civil or criminal, is wilfully made use of for a purpose not justified by the law, this is an abuse for which an action will lie. 1 Cooley Torts, 2d Ed., 354.

An action for abuse of process, as distinguished from an action for malicious prosecution and from an action for false imprisonment, constitutes an independent cause of action. The distinctive nature of an action for abuse of process, as compared with actions for malicious prosecution and for false imprisonment, is that it lies for the improper use of a regularly issued process, not for maliciously causing process to issue, or for an unlawful detention of the person. Glidewell v. Murray-Lacy & Co., 124 Va. 563, 98 S.E. 665, 667, 4 A.L.R. 225.

An action for malicious prosecution is distinguished from one for abuse of process, in that in the former, malice, want of probable cause, and termination of the former proceedings, must be shown, and in the latter, none of these need be shown, but an ulterior purpose and an act, in the use of the process, not proper, in the regular prosecution of the proceeding must be shown. Pittsburg, J. E. & E. R. Co. v. Wakefield Hardware Co., 143 N.C. 54, 55 S.E. 422,

423, citing Pittsburg, J. E. & E. R. Co. v. Wakefield Hardware Co., 138 N.C. 174, 50 S.E. 571, 3 Ann.Cas. 720; 1 Cooley Torts, 3d Ed., 354; 1 Jaggard Torts, § 203; Hale Torts, § 185; Mayer v. Walter, 64 Pa. 283; Jackson v. American Telephone & Telegraph Co., 139 N.C. 347, 51 S.E. 1015, 70 L. R.A. 738; Ellis v. Wellons, 224 N.C. 269, 29 S.E.2d 884.

As stated by the Supreme Court of North Carolina, in the case of Melton v. Rickman, 225 N.C. 700, 36 S.E.2d 276, 277, 162 A.L.R. 793: "At common law there were a number of related causes of action devised to afford a remedy against the wrongful invasion of the liberty of an individual through the processes of the courts.

"A cause of action for false arrest or false imprisonment is based upon the deprivation of one's liberty without legal process. It may arise when the arrest or detention is without warrant, * * * or the warrant charges no criminal offense, * * * or the warrant is void, or the person arrested is not the person named in the warrant. * * * All that must be shown is the deprivation of one's liberty without legal process.

"To sustain an action for malicious prosecution the plaintiff must show malice, want of probable cause, and the favorable termination of the former proceeding. * *

"One who uses legal process to compel a person to do some collateral act not within the scope of the process or for the purpose of oppression or annoyance is liable in damages in a common law action for abuse of process. * * *

"So then, while false imprisonment is the arrest and imprisonment without legal process and malicious prosecution is the prosecution with malice and without probable cause, abuse of process is the misuse of legal process for an ulterior purpose."

So far as I have been able to ascertain, all the states that recognize an action for malicious prosecution and an action for false imprisonment, also permit an action for abuse of criminal process, except Georgia. South Carolina has had no occasion to decide the question. But, since the common law, except as changed by statute, prevails in South Carolina, and since

the common law recognizes an action for abuse of criminal process, and the great weight of authority permits such an action, I must conclude that I was in error in deciding that South Carolina does not permit an action for abuse of criminal process.

The remaining question then, is, Was there sufficient testimony to submit to the jury as to whether or not plaintiff by his testimony made a case for abuse of criminal process?

The complaint alleges that the defendants wilfully misused and abused an arrest warrant in order "to coerce and force plaintiff to pay, and to extort from him under said criminal process, the said sum of $415.00, not for turkeys which it was claimed plaintiff had committed a breach of trust, but for turkeys that were 'missing' from the flock" and did thereby cause plaintiff to suffer damages, etc.

Carl George, the plaintiff, testified: "He (Mr. Boykin, agent for defendants) said they had me in jail; he was going to the plantation; he was going to count every turkey on the plantation; he was not going to let me out on any bond until he completed a count of the turkeys, and he could hold me for 72 hours if he wanted to, and he was going to be sure he had the warrant complete and straight before he turned me out." Plaintiff further testified that Dixie Boykin (agent for defendants) said: " 'Carl, it is out of my hands. I will turn it over to the bonding company today.' I said, 'Dixie, you know good and well that I didn't steal any turkeys.' He said, 'Carl, I know you didn't steal any turkeys. I heard it rumored that you had been and on Mr. Leonard's orders I had to set a trap.' "

M. H. George, father of the plaintiff, testified that he had the following conversation with R. B. Boykin, agent for the defendants: " 'You have known Carl at Shaw Field, and you knew better than to think Carl would attempt to do anything of that kind, Mr. Boykin. I can't understand it.' He said: 'Mr. George, I didn't think so either but,' he said, 'I had my instructions. Rumors around were there was turkeys missing. I notified Mr. Leonard and he told me to set a trap of Carl and see if I could catch him.' "

Mrs. Carl George, wife of plaintiff, testified that she had the following conversation with R. B. Boykin, agent for the defendants: " 'Dixie, you know good and well Carl has never stolen any turkeys.' He said, 'Mildred, I know it but somebody told me that he had and I have talked to Mr. Leonard and Mr. Leonard said have him arrested.' "

The warrant of arrest at first charged the plaintiff with breach of trust with intent to defraud, in that plaintiff sold turkeys of unknown quantity as yet, the known quantity being in the value of $42.50. The warrant was amended after the plaintiff was arrested and incarcerated in jail. The amendment to the warrant set forth: "Upon completing check of the two (2) flocks of turkeys, which was in the charge and care of Carl George, on the Sunny Hill Plantation, deponent, the said R. B. Boykin, found about thirty-five (35) grown turkeys *short or missing,* and about fifty (50) of the half grown turkeys are missing; * * * the value of the turkeys unaccounted for and of which he does not admit of having disposed of, is in the sum of four hundred twenty-seven dollars and fifty cents ($427.-50)." Signed, Leonard Const. Co. R. B. Boykin, Agt. (Emphasis added.) There was no question as to the validity of the warrant or the amendment thereof.

Under this testimony, considered in connection with the other testimony for plaintiff, and measured by the foregoing standards, this case should have been submitted to the jury. For this reason I have granted a motion for a new trial.