WHALEY v. LAWTON.

1. BAR.—Order of Circuit Judge, because of misjoinder of causes, requiring plaintiff to elect upon which cause of action set out in his complaint he would proceed, is not a bar to bringing another action on the same or different statement of facts.

2. IBID.—MALICIOUS PROSECUTION—FALSE IMPRISONMENT.—Whether an action for malicious prosecution will bar an action for false imprisonment based on the same state of facts, does not arise where the facts stated in both actions are not the same. Difference between the two actions stated.

Before KLUGH, J., Charleston, March, 1899. Affirmed.

Action by W. S. Whaley against W. Wallace Lawton. The first defense is as follows :

"I. That the plaintiff herein, on or about the          day of May, A. D. 1897, commenced an action in this honorable Court, by the service of a summons and complaint on this defendant, wherein and whereby he sought damages from

this defendant on five separate and distinct causes of action; the first two of which, actions for damages for false arrest and imprisonment, were identical with the causes of action set out and contained in the complaint now served upon him, and to which he is now answering; the remaining three being for damages for malicious prosecution.    II. That by an order of this honorable Court, filed the 19th day of July, 1897, sustaining a demurrer to the said complaint, on the ground that several causes of action were improperly united, it was ordered, 'that the plaintiff elect, within twenty days from the service of notice of this order, and so advise the defendant, upon which of the several causes of action set out in his complaint he elects to go to trial.'    III. That in pursuance of said order, the plaintiff did, on or about the 6th day of August, 1897, elect to go to trial one the III., IV. and V. causes of action contained in his said complaint, and so advised this defendant, and amended his complaint by striking out therefrom the said causes of action numbered I. and II. causes of action for false arrest and imprisonment, which he now attempts to sue upon in a separate and distinct action. All of which will more fully appear by reference to the record of the cause, entitled W. S. Whaley *v.* W. Wallace Lawton, on file in the office of the clerk of this honorable Court.    IV. That under the said order of July 19th, 1897, the plaintiff is barred and estopped from bringing the said action."

The order appealed from is: "In this case, the first defense contained in the defendant's answer, viz: That the plaintiff is barred and estopped from bringing the said action.    After full argument, I cannot find this to be the effect of Judge Gary's order, filed in the previous case between the same parties, now also pending in this Court, and filed 19th July, 1897.    I, consequently, overrule this defense, and overrule the motion to dismiss the complaint filed the 10th February, 1899."

The defendant excepts on the following grounds:

"Because his Honor erred in not holding that the order of Judge Ernest Gary, dated the 19th day of July, 1897, requiring the plaintiff to elect upon which cause of action he would go to trial, was a bar to his bringing the action for false imprisonment. 2. Because his Honor erred in not holding that the identical statement of facts being alleged as the basis for the action for malicious prosecution, and the action for false imprisonment, as appears by the allegations of the several complaints, original and amended, served upon the defendant by the plaintiff herein, such identical statement of facts cannot sustain both actions; and the action for malicious prosecution, brought under the order of his Honor, Judge Gary, of July 19th, 1897, founded on such statement of facts, pending, the plaintiff is barred and estopped from bringing this action for false imprisonment."

*Messrs. McCradys & Bacot* and *B. H. Rutledge,* for appellant, cite: *As to the order of Judge Gary being a bar to this action:* Code, 193. *As to the pendency of the action for malicious prosecution being a bar to this action:* 2 McM., 273; 29 S. C., 186; 39 N. Y. Sup., 830.

*Messrs. T. B. Curtis* and *Young & Young,* contra, cite: *Pendency of suit in United States Court is not bar to same suit in State Court, and vice versa:* 93 U. S., 548; 3 Wall., 345. *From one wrong may spring different rights of action:* 14 Q. B. D., 141; 10 Barb., 656; 8 Allen, 454; 8 Gray, 397; 2 Bail., 214. *As to actions for malicious prosecution and false imprisonment:* 97 Mo., 390; 70 N. W., 935; 14 Pa. St., 496. *Order of Judge Gary not a bar to this suit:* 24 S. C., 476; 54 S. C., 181.

April 4, 1900. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. This was an action to recover damages for false imprisonment, commenced on the 21st of January, 1899, to which the defendant duly answered, setting up certain facts therein set forth as a bar to

this action.   The case then came before his Honor, Judge
Klugh, who granted an order overruling the plea in bar, and
refusing the motion to dismiss the complaint.   From this
order the defendant appeals upon the several grounds set out
in the record.   So much of the answer in the present case as
sets forth the first defense, together with the order of Judge
Klugh and the exceptions thereto, should be incorporated by
the reporter in his report of this case.   For a better under-
standing of the question raised by this appeal, it will be
necessary to state certain facts which appear in the "Case"
as prepared for argument here.   It seems that the plaintiff
originally commenced an action against the defendant on the
22d of May, 1897, and in his complaint undertook to state
five different causes of action—two for false imprisonment
and three for malicious prosecution.   To that complaint the
defendant demurred upon the ground that several causes of
action were therein improperly joined.   This demurrer was
heard by his Honor, Judge Ernest Gary, who granted an
order, which was filed 19th of July, 1897, sustaining the
demurrer and requiring the plaintiff to elect as to which
cause of action he proposes to go to trial.   There was no
appeal from that order; but the plaintiff, instead of electing
the cause of action upon which he proposed to go to trial, filed
an amended complaint, in which, omitting the two causes of
action for false imprisonment, he undertook to state three
causes of action, all for malicious prosecution, which case
was, at the time the order appealed from in the present case
was granted, and still is, pending.   The facts stated in the
present complaint, as the basis for the first and second causes
of action, are practically indentical with the facts stated in
the first and second causes of action, of the original com-
plaint, and which, as stated above, were omitted from the
amended complaint above referred to, filed after the order of
Judge Gary was granted; and the question raised by defend-
ant's first exception is, whether the order of Judge Gary
would operate as a bar to the present action for false impris-
onment.   That order, not having been appealed from, must

be regarded as the law of this case.    But we agree with the Circuit Judge that such order cannot be construed as a bar to this action.    While it is true that he did sustain the demurrer to the complaint upon the ground that there was a misjoinder of different causes of action, yet he did not dismiss the complaint, and on the contrary declined to do so, because, as he thought, "the complaint states one good cause of action," without saying which one, as he was not called upon to do, but left it to the plaintiff to elect upon which one of the several causes of action set out in his complaint he would go to trial.    We are inclined to agree with Judge Gary that the plaintiff had stated in his original complaint at least one good cause of action, to wit: the first cause of action for false imprisonment; but the plaintiff did not elect to go to trial on that cause of action, and, on the contrary, by amending his complaint, omitting the first and second causes of action as to the false imprisonment, and undertaking to restate his three causes of action for malicious prosecution, he practically elected to go to trial on his alleged three causes of action for malicious prosecution, and discontinued so much of his action as claimed damages for false imprisonment.    This being so, we do not see how Judge Gary's order can be regarded as a bar to the present action.    Suppose that the plaintiff, after Judge Gary's order was granted, had voluntarily stricken out of his complaint the first two causes of action based upon the alleged false imprisonment, that certainly would not have barred him from bringing a new and separate action for false imprisonment, any more than would the voluntary discontinuance of any action bar a plaintiff from bringing a new action for the same purpose, based either upon the same or different allegations.    It will be observed that the only question before Judge Gary was, whether the complaint was open to the objection taken by the demurrer, that several causes of action were improperly joined therein.    It is useless to speculate upon what he might have done, as we are to consider only what he did do and what was the effect of his action.

He certainly did not dismiss the complaint, nor did he require any portion of it to be stricken out, but he simply required the plaintiff to elect upon which of the causes of action he would go to trial.    This, it seems to us, so far from implying that the plaintiff could not proceed with an action for false imprisonment, and at the same time with an action for malicious prosecution, would rather imply the contrary; for all that he decided was that these two causes of action could not be united *in the same complaint*.    The first exception must be overruled.

The second exception is based upon a misconception of the allegations made in the several complaints.    We do not understand that the allegations made as the basis for the action for malicious prosecution are identical with those made as the basis of the action for false imprisonment; certainly not as to the allegations in the present complaint as a basis for the first cause of action; for there is this striking and fundamental difference: in the one instance, there is no allegation that the plaintiff was ever arrested under any warrant, or, indeed, that any warrant was ever issued against him, while in the other case, it is alleged that a warrant was issued, under which plaintiff was arrested and imprisoned for a specified length of time.    This is apparent from the allegations in support of the first cause of action set forth in the present complaint, which are the same as those set forth in support of the first cause of action in the original complaint, both of which read as follows: "That heretofore, to wit: on the 22d day of January, A. D. 1897, at Ladson's Cross Road, in the county of Berkeley and the State aforesaid, the defendant by force compelled the plaintiff to go with the deputies of the magistrate for the county and State aforesaid, to wit: T. G. Disher, to the office of the said magistrate, at Three Mile House, in the county of Charleston and State aforesaid, and there imprisoned him, and then and there detained him, restrained him of his liberty for the space of two days, without probable cause, and without any right or authority so to do, against the will

of the plaintiff, whereby the plaintiff was damaged, &c."
While the allegations in support of the third cause of action
for malicious prosecution as set forth in the amended com-
plaint (the allegations in support of the other two causes of
action in the amended complaint being in this respect sub-
stantially the same) are as follows : "That on the 22d day of
January, A. D. 1897, in the county and State aforesaid, the
defendant, W. Wallace Lawton, of the county of Charles-
ton and State aforesaid, appeared before T. G. Disher, a
magistrate in and for said county of Charleston and State
aforesaid, and charged the plaintiff before the said magis-
trate wth wilfully, unlawfully and maliciously defacing and
otherwise injuring a certain outhouse on the premises in
Charleston County known as Lawton's Farm, a crime under
the laws of the said State of South Carolina, and procured
said magistrate to grant a warrant for the arrest of this
plaintiff, W. S. Whaley, upon said charge. 2. That in so
doing, the said defendant, W. Wallace Lawton, acted malici-
ously and without probable cause. 3d. That the said mag-
istrate, T. G. Disher, issued the said warrant accordingly,
and this plaintiff was arrested and imprisoned under the
same for forty-eight hours, and was compelled to give bail
in the sum of $200 in order to obtain his release." These
allegations are the same as those contained in the original
complaint in support of the fifth cause of action. It is clear,
therefore, that the assumption upon which appellant's sec-
ond exception is based—that the facts alleged in support of
plaintiff's first cause of action for false imprisonment in the
present case are identical with those alleged in the pending
action for malicious prosecution—is unfounded in fact, for
there is this material difference, that in the one case the im-
prisonment complained of is alleged to have been made by
force and without lawful authority, while in the other the
allegation is that the plaintiff was arrested under a warrant
charging him with a crime, and was restrained of his liberty
until he entered into a recognizance—or, to use the language
of the complaint, gave bail—to appear and answer to the

charge. This marks the material distinction between an action for false imprisonment and an action for malicious prosecution; for the former proceeds upon the theory that the plaintiff has been arrested without authority of the law and illegally deprived of his liberty, while the latter proceeds upon the theory that the plaintiff has been lawfully arrested under a warrant charging a criminal offense, but that such prosecution is malicious and without probable cause. See *McConnell* v. *Kennedy*, 29 S. C., at pp. 186-7. The question, therefore, whether the pendency of an action for malicious prosecution will bar an action for false imprisonment, *based upon the same facts* as those alleged in support of the action for malicious prosecution, does not arise in this case, and need not, therefore, be considered.

The judgment of this Court is that the order appealed from be affirmed.