7505

VLASSERVITCH v. AUGUSTA & AIKEN RY. CO.

1. PUNITIVE DAMAGES may be recovered without actual damages on which to base the recovery.

2. CARRIER—BAGGAGE—ISSUES.—What is personal baggage of a passenger is usually a mixed question of law and fact and should be sent to the jury except where the evidence is only susceptible of one inference.  Here the finding of the Court below on appeal from

magistrate that a graphophone horn is personal baggage, there being evidence to support it, affirmed.

3. Ibid.—Ibid.—Waiver—Punitive Damages.—Where a carrier waives its rule as to what a passenger may carry on the car as personal baggage and afterwards enforces it, he may be liable for punitive damages for enforcing it.

*Divided Court.*

Before Prince, J., Aiken, April, 1908.　Affirmed.

Action by Nicholas Vlasservitch against Augusta & Aiken Railway Company.　From circuit order affirming judgment of magistrate, W. M. Smoak, defendant appeals.

*Messrs. Boykin Wright, Geo. T. Jackson* and *J. B. Salley,* for appellant.　*Mr. Salley* cites: *As to personal baggage:* 70 S. C., 337; 71 S. C., 224; 75 S. C., 354; 76 S. C., 239; 3 Ency., 529; 6 Cyc. 666; 6 Q. B., 612; 14 Am. R., 716; 20 Or., 392; 9 Hump., 624; 3 Ency., 530-1; 6 Cyc, 669; 3 Ency., 543-4; 6 Cyc., 661-8; 1 Strob., 468; 71 S. C., 224; 43 L. R. A., 284; 48 L. R. A., 745; 24 Am. R., 248; 43 Am. R., 200; 93 Am. D., 140; Story on Bail., sec. 499; 24 Am. D., 129; 87 Miss., 610; 6 A. & E. Ann. Cas., 826; 5 St. Ry. R., 64; 79 Conn., 565; 47 N. Y. App. Div., 202; 48 L. R. A., 745; 30 Am. R., 667; 43 Am. R., 200; 3 Ency., 544; 81 S. C., 143.　*Judgment for punitive damages alone should be set aside:* 60 S. C., 67; 70 S. C., 418; 77 S. C., 62, 549; 12 Ency., 29.　*Elements warranting punitive damages:* 64 S. C., 424; 29 S. C., 453; 54 S. C., 505; 60 S. C., 74; 57 S. C., 331; 52 S. C., 342; 51 S. C., 302; 12 Ency., 13; 13 Cyc., 112, 109; 69 S. C., 439; 2 Suth. on Dam., 1093; 81 S. C., 183; 74 S. C., 393; 62 S. C., 270; 64 S. C., 424.

*Messrs. Davis, Gunter & Gyles,* contra.　Oral argument.

March 17, 1910.  The opinion of the Court was delivered by

Mr. Justice Gary.  This action was commenced in a magistrate's court, for the recovery of actual and punitive damages, alleged to have been sustained by the plaintiff, in consequence of the defendant's refusal to allow him to become a passenger on its trolley car, if he insisted upon carrying with him his graphophone horn.

The plaintiff, on the morning of 28th June, 1907, went to defendant's passenger station at Langley, S. C., for the purpose of becoming a passenger on its trolley car to Augusta, Ga.  He had with him a graphophone horn about five feet long, and from eighteen to twenty-four inches wide across the mouth.

At that time there was a rule of the company providing that "fishing poles, long bar, gas pipe, long-handled shovels, or other articles too long or heavy to be taken with passenger in car seat, will not be allowed on cars.  Under no conditions allow such articles on rear platform.  Conductors will please see that this order is rigidly enforced.  No exceptions will be made, unless accompanied by a written order from this office, and even in these cases, articles must be laid flat on the floor in the car."

The plaintiff testified: "I went to the front platform to put on the horn.  The motorman said to me, I could not put it on.  I went to the rear platform and started to board there, but the conductor said, you can get on, but the horn can not. * * *  Q. When you had it in the seat, could any one sit by you?  A. Yes, sir; a gentlemen sat with me coming back."

The graphophone and horn were purchased by the plaintiff individually for $50 and $60 respectively, for the purpose of furnishing music for dances in the hall where a club of boys met for amusement, each of whom was to pay $1 for the music.

The plaintiff a few days previously, had purchased a similar horn in Augusta, and was taking it back to exchange it for one more suitable for the purposes just mentioned.

He was allowed to bring the first horn purchased by him from Augusta to Langley, without objection on the part of the defendant's agents.

When the defendant refused to allow the plaintiff to get aboard its car with his horn, he went to Augusta on the car of the Southern Railway Company, which came along soon thereafter.

The car fare was ten cents more than by the trolley.

The plaintiff also claimed that he suffered damages by work in the mill, on account of the gates being closed when he returned.

The following statement is set out in the record: "Upon the pleadings and said testimony, the magistrate rendered a verdict in favor of the plaintiff for the sum of ten cents, being the excess fare which the plaintiff had to pay from, Langley to Augusta, by reason of having to go on the steam car to that place, and also for the sum of one dollar, on account of the failure of the plaintiff to get back to Langley in time to get in the gates to his work, for the afternoon of the day in question, and also for the sum of twenty-five dollars, punitive damages, making the aggregate verdict in favor of the plaintiff against the defendant for the sum of twenty-six and ten one-hundredths (26.10) dollars."

On hearing the appeal from the judgment of the magistrate, his Honor, the Circuit Judge, made an order which concludes as follows: "I am satisfied that the sum of one dollar and ten cents, for which judgment was given, was special damages, and should not have been allowed; therefore, the judgment is modified to that extent.

"I am satisfied that the graphophone horn in question under the circumstances was personal baggage, and I so find, and that the refusal and failure of the defendant to transport plaintiff with his baggage, under the circumstances,

was a conscious invasion of plaintiff's legal rights, and that the verdict of twenty-five dollars, punitive damages, is proper.

"There was also testimony tending to establish waiver.

"Wherefore, it is ordered, that the verdict and judgment of the magistrate, except the sum of $1.10 be, and the same is hereby, affirmed."

The defendant appealed from said order, and the first question presented by the exceptions is, whether there was error on the part of his Honor, the presiding Judge, in sustaining the magistrate's judgment for twenty-five dollars, punitive damages, after reversing the magistrate's judgment for actual damages, for the reason that punitive damages cannot be recovered, unless there are some actual damages on which to base a recovery for punitive damages.

This question is ruled by the case of *Doster* v. *Tel. Co.,* 77 S. C., 56, 57 S. E., 671, affirmed in *Fields* v. *Cotton Mills,* 77 S. C., 546, 58 S. E., 608, 11 L. R. A. (N. S.), 822.

The next error assigned is, because the Circuit Judge ruled that the graphophone horn in question, under the circumstances, was personal baggage.

The term "personal baggage" is a mixed question of law and fact. It is the duty of the presiding Judge to define the term; but it is the province of the jury to determine whether an article, under the facts and circumstances of a particular case, comes within the definition.

The Court, however, may determine such question, when the facts of the case are susceptible of one inference only. But the question must be submitted to the jury (unless a jury trial be waived), when the facts and circumstances of the particular case, are such as to raise a reasonable doubt in the minds of men of ordinary intelligence, whether the article falls within the definition of personal baggage.

This is an action at law, and this Court has not the power to review the facts, except for the purpose of determining whether there is any testimony whatever, to sustain the findings of the Circuit Judge. *Jenkins* v. *Ry.,* 73 S. C., 289, 53 S. E., 481.

If, therefore, the facts in this case are susceptible of more than one inference, the conclusion of the Circuit Judge necessarily involves the finding of such facts in favor of the plaintiff, and they cannot be reviewed.

There was testimony tending to show that the horn did not come within the provisions of the rule of the company hereinbefore mentioned, on the ground that it was not "too long or too heavy to be taken with passenger to car seat," as the plaintiff testified that he had taken a similar horn to his seat, and that another passenger sat with him in the seat.

As stated by the Circuit Judge, there was also testimony tending to establish waiver.

As there was testimony tending to show that, under the facts of this case, the horn might reasonably be regarded as personal baggage, the exception assigning error in the ruling of the Circuit Judge must be overruled.

The last question for consideration is, whether there was any testimony tending to show that the refusal of the defendant to transport plaintiff with his baggage, was a conscious invasion of the plaintiff's legal rights, entitling him to punitive damages.

The testimony as to waiver of the defendant's right to insist upon the rule hereinbefore mentioned, tended to establish this fact.

If the defendant waived the right to insist upon the said rule, and, nevertheless, refused to allow the plaintiff to become a passenger with his horn, then he was entitled to punitive damages.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE JONES *and* MR. JUSTICE WOODS *dissent.*