8843

BETHEA v. WESTERN UNION TEL. CO.

(81 S. E. 675.)

TELEGRAPH COMPANIES.  NONDELIVERY OF MESSAGE.  PUNITIVE DAMAGES.
    CHARGE.  VERDICT.

1. A verdict which finds for plaintiff for punitive damages only con-
   tains an implied finding of nominal actual damages, and is suffi-
   cient; there being evidence to sustain a finding for at least nominal
   damages.

2. The Court instructed, in an action for damages for nondelivery of
   a telegram, that the form of the verdict should be, either that the
   jury find for plaintiff for so many dollars actual damages, which
   includes mental anguish, etc., and so many dollars punitive dam-
   ages, if they also found punitive damages, or that the jury found
   for defendants, and that, if the jury found both actual and punitive
   damages, they should keep them separated.  *Held,* that the instruc-
   tion was to the effect that the verdict should indicate the kind of
   damages to which plaintiff was entitled, and was proper.

3. A verdict for punitive damages only is improper, if there was no
   evidence tending to show at least nominal actual damage.

4. The fact that the verdict did not contain an express finding for
   plaintiff for actual damages, but merely awarded a certain sum as
   "punitive damages," was a mere irregularity, where there was evi-
   dence of actual damage, which was waived by appellant's failure to
   object thereto until the jury were separated, since he should have
   objected to the form of the verdict as soon as it was read.

Before FRANK B. GARY, J., Bennettsville, November
1913.  Appeal dismissed.

Action by Lawrence Bethea against Western Union Tele-
graph Company.  From judgment for plaintiff, 'defendant
appeals.  The facts are stated in the opinion.

*Messrs. Stevenson & Prince* and *Geo. H. Fearons,* for
appellant, cites: *As to punitive damages:* 77 S. C. 56; 48
S. C. 321.

*Mr. J. K. Owens,* for respondent, cites: 77 S. C. 56; 60
S. C. 67; 70 S. C. 418; 86 S. C. 247; 90 S. C. 541.

FOOTNOTE—As to the damages recoverable in action by addressee of
telegram for delay in delivery, see note in 30 L. R. A. (N. S.) 1133.

May 6, 1914.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

On the 19th of May, 1912, G. F. Bethea, a brother of Lawrence Bethea, delivered to the defendant the following telegram, addressed to the plaintiff at Dillon, S. C.: "Come at once if you want to see brother living."

The jury rendered the following verdict: "We find for the plaintiff two hundred and fifty dollars punitive damages."

The defendant appealed upon the following exception: "The Court erred in refusing to set aside the verdict and order a new trial, when, from the finding taken in connection with the charge of the Judge, it appeared that there had been no actual damages inflicted, and hence punishment was visited on the defendant for a wrong which had not been committed, and which the jury by its findings negatived."

His Honor, the presiding Judge, charged the jury as follows in regard to the form of their verdict:

"The form of your verdict will be either, 'We find for the plaintiff' so many dollars actual damages, and that includes, of course, mental anguish, intense mental suffering, and so many dollars punitive damages, if you also find punitive damages, or, 'We find for the defendant.' In other words, gentlemen, if you find both actual and punitive damages, I want you to keep them separated. Now if, in your deliberations, you have any confusion about the form of the verdict, or the law, or anything else, don't hesitate to let it be known. If I can be of any service to you, I will be glad to do so. Is there anything further for the plaintiff?

"Mr. Owens: It occurs to me, possibly, that the complaint stands as one solid demand; that there would be no use in the jury specifying as to damages; that the jury could find for the plaintiff without specifying what they find as actual damages, and what they find as punitive damages.

"The Court: They might do it; but I am not going to permit them to do it.    If you find that, as the result of the negligence and wanton conduct of the defendant, he has suffered mental anguish, you have a right to award actual damages and also punitive damages, and I want you to keep them separate.    You could find a bulk sum; but I don't want them kept that way.    If you find for the defendant, you will simply say, 'We find for the defendant.' "

In the case of *Doster* v. *Telegraph Co.*, 77 S. C. 56, 57 S. E. 671, the Court had under consideration the question whether a verdict for punitive damages only could be sustained.    Mr. Justice Woods, who delivered the opinion of the Court, thought that the verdict should be set aside; but the other members of the Court thought otherwise, and in stating their views he used the following language: "In their view the verdict is responsive to the cause of action based upon allegations of injury as the result of wilful breach of duty, in which the jury had power to award damages, and characterize them punitive.    They think, further, the verdict does not negative the idea that there was some actual injury, however slight, but negatives the idea that the injury was done negligently and inadvertently, and declares that it was done wilfully, hence the character of the damages awarded could be punitive, instead of strictly compensatory, and that the jury may also have thought that the actual injury was not so substantial as to require expression in their verdict.    The majority further think, inasmuch as it has been held that there was evidence sufficient to require that the matter of punitive damages should be submitted to the jury, the verdict upon such issue involves a finding of whatever is legally essential as a basis for punitive damages."

Under this authority, we do not regard the charge of his Honor, the presiding Judge, and the verdict of the jury as inconsistent.    A verdict which shows upon its face that it

is a finding for punitive damages only is, in effect, dual in its nature. It is not only a finding for punitive damages, but also for actual damages, that are merely nominal, and therefore "not so substantial as to require expresssion in their verdict." There is nothing in the charge to indicate that the Circuit Judge intended to change the rule announced in *Doster* v. *Telegraph Co.,* 77 S. C. 56, 57 S. E. 671.

The plain object of the charge was that the verdict of the jury should indicate the kind of damages to which the plaintiff was entitled, if they found in his favor; and, as we have just stated, the verdict shows this fact.

There was testimony that the plaintiff sustained at least some actual damages. He expended 25 cents for the transmission of the telegram, and 15 cents for its delivery to him by a third party to whom it was handed by the defendant. He also suffered inconvenience by reason of the delay in the delivery of the telegram, as he was compelled to make the trip on a bicycle, and did not arrive at Dillon until about 8 o'clock, which was too late to see his brother before he died.

If there had not been testimony tending to prove some actual damages, even though nominal, the verdict for punitive damages alone would not have been proper.

There is another reason why the appeal should be dismissed. The alleged irregularity did not involve the merits, but merely pertained to the rules of procedure. In such cases the irregularity must be called to the attention of the Court at the earliest opportunity; otherwise it will be deemed to have been waived. *State* v. *Norton,* 69 S. C. 454, 48 S. E. 464; *Sumter* v. *Hogan,* 80 S. E. 497. That was not done in this case. The appellant, instead of making its objection to the form of the verdict

as soon as it was read, waited until the jury separated and then urged the alleged irregularity as a ground for a new trial.    This was too late.

Appeal dismissed.