### LOTT v. WESTERN UNION TELEGRAPH CO.
### LOTT *ET AL.* v. SAME

(119 S. E., 870)

1. TRIAL—REQUEST THAT PLAINTIFF CANNOT RECOVER FOR DISAPPOINTMENT, ETC., PROPERLY REFUSED.—In an action against a telegraph company for alleged negligence in transmitting money, a request that plaintiff cannot recover for any feeling of disappointment, annoyance, or vexation which he may have felt by reason of the alleged failure to promptly deliver the message was properly refused; it being for the jury to say whether any such feeling amounted to mental anguish or suffering.

2. TRIAL—INSTRUCTION ON PUNITIVE DAMAGES HELD NOT ERROR.—In an action against a telegraph company for negligence in transmitting money, an instruction that punitive damages are especially applicable to public service corporations was not error, in view of an instruction that the case must be tried as if between two corporations or two individuals.

3. TELEGRAPHS AND TELEPHONES—HELD TO STRICT PERFORMANCE OF DUTIES.—Public service corporations are held to a strict performance of their duties.

4. DAMAGES—VERDICT FOR PUNITIVE DAMAGES SUSTAINED IN ABSENCE OF A VERDICT FOR ACTUAL DAMAGES.—In an action against a telegraph company for alleged negligence in transmitting money a verdict showing on its face that it is for punitive damages only will be sustained on the theory that it is also for actual damages which are merely nominal and do not require expression in verdict.

5. COSTS—COSTS OF APPEAL DENIED SUCCESSFUL PARTY, EVIDENCE BEING PRINTED IN FULL.—Where all the evidence was printed in full in the record instead of in narrative form, costs of the appeal will be denied to respondent, though appellant was unsuccessful.

Before DEVORE, J., Bamberg, March, 1922.   Affirmed.

Separate actions consolidated for trial by J. H. Lott and Mrs. J. H. Lott and husband against Western Union Tele-

graph Co. Judgment for plaintiffs in each action, and defendant appeals.

*Messrs. Francis R. Stark, Nelson & Mullins* and *E. H. Henderson,* for appellant, cite: *Mental anguish to support a recovery defined:* 69 S. C., 231; 73 S. C., 520; 81 S. C., 235; 108 S. C., 220; 71 S. C., 29; 181 S. W. 800. *Judgment must declare law:* Const. 1895, Art. 5, Sec. 26; 109 S. C., 245; 112 S. E., 78. *Telegraph Company liable for failure to exercise due care:* 19 S. C., 71; 110 S. C., 233. *No duty to call Court's attention to misstatement of law as well as charge on the facts:* 110 S. E., 392; 112 S. E., 437. *Settlement of case for appeal:* 98 S. C., 431; 110 S. C., 518.

*Messrs. Carter, Carter & Kearse,* for respondent, cite: *It is not necessary to have a verdict rendered for actual damages to sustain a verdict for punitive damages:* 110 S. C., 233; 77 S. C., 56; 97 S. C., 385.

June 26, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

J. H. Lott lived in Bamberg, S. C., and, being out of work there, went up to Columbia and found work. He left Mrs. Lott without money in Bamberg. As soon as he could get some money, he undertook to send $7.00 to his wife. He carried the money ($7.00) to the office of the defendant. Mr. Lott paid the money and telegraph charges to the agent of the defendant. In order to transport the money, they turned the matter over to a Columbia bank, which wired a Bamberg bank to pay over the money. The Columbia bank made a mistake in the name, and wired the Bamberg bank to pay to Mrs. J. H. Scott. Mr. Lott claims to have sent Mrs. Lott a telegram notifyng her that he had sent the money and asking her to come to Columbia the next day. The defendant denies the telegram. Mrs. Lott did not receive the telegram, nor did she come to Columbia. Mr. Lott heard nothing from the defendant as to

the nondelivery of the money, and after several days went to Bamberg to find his wife. After he arrived at Bamberg, the money was delivered, and this action was brought for damages, actual and punitive. Both Mr. and Mrs. Lott brought suit, and the cases were tried together. There were judgments for the plaintiffs, and the defendant appealed.

I. The first assignment of error is that the presiding Judge refused to charge:

"Under the testimony in this case the plaintiff cannot recover for any feeling of disappointment, annoyance, or vexation which he may have felt by reason of the alleged failure to promptly deliver the message in question."

The appellant seeks to sustain this exception by the following extract from *Johnson v. Telegraph Company,* 81 S. C., 235; 62 S. E., 244; 17 L. R. A. (N. S.), 1002; 128 Am. St. Rep., 905:

"Our Statute provides for damages for 'mental anguish or suffering.' It will not be doubted these words were intended to have their usual strong meaning. They do not give the slighest ground to impute to the General Assembly an intention to incumber the administration of justice, and open the flood gates of speculative litigation, by allowing suits to be brought for any unpleasant feeling or sensation, however slight. Mental sufferng means distress or serious pain as distinguished from annoyance, regret, or vexation. Mental anguish is intense mental suffering."

This authority does not sustain the appellant. "Any feeling of disappointment," etc., means any feeling, however great. The feeling of uncertainty may amount to anguish, and it was for the jury to determine the degree of suffering. The appellant concedes that it is liable if there was "mental anguish or suffering." This point cannot be sustained.

II. The next assignment of error is:

"Punitive damages are given in the nature of a punishment. They are sometimes called exemplary damages. It is sometimes called smart money; but the main object of it is that it is given in the nature of a punishment, and especially is that so in a case like this, where it is against a corporation that holds itself out to the use of serving the public."

The words of offense are "especially is that so in a case like this, where it is against a corporation that holds itself out to the use of serving the public." His Honor had charged the jury that the case must be tried as if between two corporations, or two individuals. Public service corporations are held to a strict performance of their duties.

*Reaves v. Telegraph Co.,* 110 S. C., 240; 96 S. E., 297:

"To increase its business and revenues, by including in its charges the exchange for transmitting money, it offered the public its services and facilities in handling the entire transaction in such cases; and in doing so it voluntarily brought itself into the status and relation to the public of a common carrier, with resepct to that business, at least to the extent that the rules applicable to that relation reasonably may be applied t othe conduct of the business."

This assignment of error cannot be sustained.

III. The next assignment of error is in the refusal of a new trial, on the ground that inasmuch as there was no finding of actual damages, a verdict for punitive damages cannot be sustained.

In *Bethea v. Telegraph Co.,* 97 S. C., 387, 388; 81 S. E., 676, we find:

"Under this authority, we do not regard the charge of his Honor, the presiding Judge, and the verdict of the jury as inconsistent. A verdict which shows upon its face that it is a finding for punitive damages only is, in effect, dual in its nature. It is not only a finding for punitive damages,

but also for actual damages, that are merely nominal, and, therefore, 'not so substantial as to require expression in their verdict.' "

This assignment of error cannot be sustained.

IV. The appellant complains of error in the order settling the case, in that it required the printing of the evidence in full and not in narrative form. This exception is sustained, and the costs of appeal are denied to the respondent.

The judgments appealed from are affirmed, but without costs of appeal.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS concur.

MR. JUSTICE MARION concurs in the result.

MR. JUSTICE COTHRAN (dissenting) : These two actions were tried together in the Circuit Court, and the appeals were likewise heard in this Court. They grow out of the following facts: The plaintiff, J. H. Lott and his wife, lived in Bamberg; some time prior to April, 1921, he, being out of work at Bamberg, went to Columbia and found employment there in one of the cotton mills. On April 1, 1921, he made an effort to send some money to his wife, a part of which he expected her to use in coming to him in Columbia; he made application to the Telegraph Company to transmit $7.00 by wire to her at Bamberg, paying the amount and charges to the Company, which engaged to transmit it. At the same time he claims to have deposited with the Company a telegram to be transmitted to his wife notifying her that he was wiring her $7.00, and for her to send certain articles of furniture, and that he would meet her at the train on the next day; the defendant denied ever receiving such a message for transmission. By an error of the Company the money transmitted by wire was made payable to Mrs. J. H. Scott, instead of Mrs. J. H. Lott, and was never received by her; the husband testified to sending the message filed at the time he arranged for the

transmission of the money, and the wife testified that she had never received it.

The cases thus involved two alleged breaches of duty on the part of the Telegraph Company: (1) The failure to transmit the money; and (2) the failure to deliver the telegram of notification. The husband claimed damages in the sum of $3,000.00, on account of both of the alleged breaches of duty on the part of the Telegraph Company, due, as alleged, to its negligence and willfulness.

The gravamen of his complaint is that he had left his wife in Bamberg and had gone to Columbia to seek employment; that she was in Bmberg without funds, in destitute crcumstances, and the money was being sent to enable her to join him in Columbia; that as he had telegraphed her, he met the train on the following night for his wife, and on several days thereafter, expecting her; that hearing nothing from her, and not having been informed that the message had not been delivered, he went to Bamberg to make an investigation of the situation, at considerable cost, expense, and loss of time; that he was greatly disappointed at the failure of his wife to appear, as he had expected, and became greatly worried and caused to suffer mental anguish on account thereof.

The wife claimed damages in the sum of $3,000.00, on account of both of the alleged breaches of duty on the part of the Telegraph Company, due as alleged to its negligence and willfulness. The gravamen of her complaint is that her husband had left her in Bamberg and had gone to Columbia to seek employment; that she was without funds and in destitute circumstances; that the money was being sent to enable her to join her husband in Columbia; that she was expecting money from him for this purpose and that, on account of not receiving it, and hearing nothing from her husband, she was caused great embarrassment, made to undergo great hardship, became greatly worried, and suffered mental anguish.

The defendant, in its answer in each case, denied the material allegations of the complaints. The evidence developed the foregoing facts; the defendant offering no valid excuse for its error in transmitting the money, but denying the receipt by it for transmission of the message notifying the wife of the remittance.

Upon the trial the defendant submitted the following request, No. 2:

"I charge you that Section 3330 of Volume 1, Code of Laws of South Carolina 1912, which provides that all Telegraph Companies shall be liable for damages for mental anguish and suffering, even in the absence of bodily injury for negligence in receiving, transmitting, and delivering messages, has no application to the transmission of money by telegraph, and the plaintiffs are not entitled to recover damages in this suit for any mental anguish which may have resulted from any failure to deliver the money transfer referred to in the complaint."

The request was refused; thereupon the following colloquy occurred:

"Mr. Carter: In the second request which your Honor refused, I am in doubt as to its covering the mental Statute in the case of sending money, and I am willing for you to charge that request to that extent; that is, that we do not ask for damages for mental anguish for the money not being delivered, but we do not for the bodily suffering.

"The Court: You have no objection, then, to my charging the second request?

"Mr. Carter: No, sir.

"The Court: By the consent of the plaintiffs' counsel then, I will charge you the second request."

Thus the matter of damages for mental anguish in connection with the failure to transmit the money, as it had contracted to do, was eliminated; leaving open the matter of damages, other than for mental anguish, accruing to the husband and wife respectively by reason of failure to trans-

mit the money, and damages including damages for mental anguish, accruing to them respectively, by reason of failure to seasonably deliver the message of notification.

The jury rendered a verdict in favor of J. H. Lott for $100 actual damages and $500 punitive damages, and in favor of Mrs. Lott for $500 punitive damages. A motion for a new trial was made and refused except as to the verdict in favor of J. H. Lott. He was required to remit $50 of the verdict for actual damages.

The defendant has appealed upon five exceptions, the second, third, fourth, and fifth of which will be reported; the first was abandoned.

The second exception: The assignment of error relied upon is the refusal to charge this proposition:

"And under the testimony in this case the plaintiff cannot recover for any feeling of disappointment, annoyance, or vexation which he may have felt by reason of the alleged failure to promptly deliver the message in question."

I think that this is a correct declaration of the law and should have been allowed.

In *Johnson v. Tel. Co.*, 81 S. C., 235; 62 S. E., 244; 17 L. R. A. (N. S.), 1002; 128 Am. St. Rep., 905, the Court said:

"Our Statute provides for damages for 'mental anguish or suffering.' It will not be doubted these words were intended to have their usual strong meaning. They do not give the slightest ground to impute to the General Assembly an intention to incumber the administration of justice, and open the flood gates of speculative litigation by allowing suits to be brought for any unpleasant feeling or sensation, however slight. Mental suffering means distress or serious pain as distinguished from annoyonce, regret, or vexation. Mental anguish is intense mental suffering."

Disappointment, annoyance, irritation, vexation, suspense, uncertainty, or other unpleasant feeling or sensation are mental conditions that may exist without, although they

may produce, mental anguish or suffering. Where they do not produce mental anguish or suffering, they are not actionable; where they do produce mental anguish or suffering, the result only is actionable. So that in neither event are these emotions actionable.

As the Court says in the *Johnson Case, supra,* speaking of the loss of the privilege of attending the funeral of one not closely allied in blood:

"The deprivation ordinarily produces annoyance, regret, or vexation [and I may add, disappointment], but not a state of mind attending [attaining?] to distress or mental suffering."

I think that the leading opinion concedes as much in saying:

"The feeling of uncertainty may amount to anguish, and it was for the jury to determine the degree of suffering."

In other words, there could be no recovery unless the uncertainty produced anguish, and, of course, in that event the anguish, the result of the uncertainty, is the actionable wrong, and not the uncertainty which produced it.

In *Hunter v. Tel. Co.,* 135 N. C., 458; 47 S. E., 745, the Court said:

"We use the word 'anguish' as indicating a high degree of mental suffering, without which the plaintiff should not recover substantial damages. Mere disappointment would not amount to mental anguish, or entitle the plaintiff to more than nominal damages."

In *Hancock v. Tel. Co.,* 137 N. C., 497; 49 S. E., 952; 69 L. R. A., 403, the Court said:

"The Court erred in using the words 'disappointment and regret.' There is a very material difference between the significance of those words and that keen and poignant mental suffering signified by the words 'mental anguish.' * * * We do not find anywhere that damages are allowed for 'disappointment and regret.' The lexicographers define anguish to be 'intense pain of body or mind.' It is

derived from the latin word 'anguis' a snake, referring to the writhing or twisting of the animal body when in great pain."

In 17 C. J., 830, it is said:

"Mental anguish, as the term is employed to designate a recoverable element of damages, means something more than disappointment or regret."

In *Gerock v. Tel. Co.,* 147 N. C., 1; 60 S. E., 637, the following charge was approved by the Court:

"You cannot allow anything for mere disappointment or regret. Mental anguish means more than this. It means a high degree of mental suffering, and, if there was not such suffering, you will allow nothing for mental anguish."

The third and fourth exceptions: These exceptions raise practically the same question: Error in charging in reference to punitive damages, that the imposition of such damages was especially applicable to corporations holding themselves out   out as public service corporations. The expression complained of was unfortunate, but in view of the strong urging upon the jury, of impartiality between all litigants, whether corporations or individuals, the jury could hardly have formed the impression, from the words complained of, that a different rule should be applied to corporations. Most probably the Circuit Judge had in mind the language of the Court in the *Reaves Case,* 110 S. C., 233; 96 S. E., 295, where the liability of public service corporations for punitive damages is forcibly stated.

The fifth exception: The record for appeal shows that the motion for a new trial was made upon the ground that "as the jury failed to find a verdict for actual damages, there is no basis for punitive damages." The exception attempts to enlarge the grounds upon which the motion was made, by urging that there was no evidence tending to prove any actual damages, excepting damages resulting from mental anguish, which were eliminated by the verdict.

I think that there was some evidence of damages sustained by Mrs. Lott; but, passing by the question, the matter must be decided by the question which was presented to the Circuit Judge and not by the amplified form submitted now by the appellant. That the Circuit Judge was correct in ruling upon the question as submitted to him is fully shown by the cases of *Doster v. Tel. Co.,* 77 S. C., 56; 57 S. E., 671. *Bethea v. Tel. Co.,* 97 S. C., 385; 81 S. E., 675, and *Reaves v. Tel. Co.,* 110 S. C., 233; 96 S. E., 295.

For error in refusing the second request to charge, I think that the judgment should be reversed.