**GEORGE v. LEONARD et al.**

**No. 5748.**

Circuit Court of Appeals.
Fourth Circuit.

Aug. 5, 1948.

Thomas E. McCutchen and Robert K. Wise, both of Columbia, S. C. (Wise, Whaley & McCutchen, of Columbia, S. C., on the brief), for appellant.

John K. deLoach, of Camden, S. C., and David W. Robinson, of Columbia, S. C., for appellees.

Before PARKER, Circuit Judge, PRETTYMAN, Associate Justice, United States Court of Appeals for the District of Columbia,* and BARKSDALE, District Judge.

PARKER, Circuit Judge.

This is an appeal from a judgment for defendant on a directed verdict in a case wherein plaintiff asks damages on account of malicious abuse of criminal process. Plaintiff was arrested on a warrant sworn out under the direction of defendant charging breach of trust with fraudulent intent, a felony under the law of South Carolina. After being kept in jail for a few hours, he was released on bail; and, after he had made payment to defendant's representative to cover part of an alleged shortage in the number of turkeys entrusted to his keeping, the prosecution against him was dismissed. He later commenced two actions against defendant, charging malicious abuse of process in one action and malicious prosecution in the other. On the first hearing of these actions, Judge Wyche dismissed both of them, holding that malicious abuse of process did not constitute a cause of action under South Carolina law and that termination of prosecution by agreement of the parties precluded the maintenance of an action for malicious prosecution. These holdings were subsequently reversed and new trials were granted by the judge in both cases, for reasons fully set forth in his opinions reported in George v. Leonard, D.C., 71 F.Supp. 662, and George v. Leonard, D.C., 71 F.Supp. 665.

* Sitting by special assignment.

■ The cases later came on for hearing before Judge Timmerman, who consolidated them for purposes of trial, and at the end of the testimony directed a verdict for defendant in the abuse of process case on the ground of the insufficiency of the evidence, while holding malicious abuse of process to constitute a cause of action under the law of South Carolina. The jury were unable to agree in the malicious prosecution case and a mistrial was ordered. This appeal was taken from the judgment for defendant in the abuse of process case, the judgment being entered just as though there had been no consolidation of the cases. Under the circumstances, we shall entertain the appeal, which would have been dismissed as fragmentary if the case had been consolidated and the two complaints treated as separate counts of one complaint, as might well have been done. See Bowles v. Commercial Casualty Ins. Co., 4 Cir., 107 F.2d 169 and cases there cited.

■ The question raised before Judge Wyche is again raised here, viz., whether malicious abuse of process constitutes a cause of action upon which recovery can be had under the law of South Carolina. We entertain no doubt as to the correctness of the answer to this question given in the opinion of Judge Wyche (See 71 F.Supp. 662); and nothing need be added to what is there said. Under the rules there laid down, we think the evidence sufficient to take the case to the jury when viewed in the light most favorable to plaintiff, as it must be on the motion by defendant for directed verdict.

As the case must go back for a new trial, it is not desirable to discuss the testimony in detail. It is sufficient to say that there was evidence tending to show that defendant told Boykin, his manager who swore out the warrant, to get at least partial reparation before dismissing the prosecution; that Boykin stated to plaintiff and plaintiff's wife that he knew plaintiff was not guilty of the crime charged; that Boykin, when plaintiff was in jail, threatened to keep him there for 72 hours or until he could count all of defendant's turkeys; that Boykin exacted from plaintiff payment based on shortages rather than on the number of turkeys which it was shown that plaintiff had sold; and that Boykin went through with the settlement notwithstanding that plaintiff was protesting his innocence of wrongdoing and both he and his father were claiming that the settlement was a holdup. There is evidence in explanation and contradiction of this which would unquestionably justify a verdict for defendant; but, when all conflicts are resolved in favor of plaintiff and the evidence viewed in the light most favorable to his contentions, we cannot say that there is nothing to take the case to the jury on the theory that the criminal process of the court was used for an ulterior purpose rather than for the sole purpose of vindicating the law.

■ While we uphold the contention of plaintiff that malicious abuse of process constitutes a cause of action under the law of South Carolina distinguishable in a number of respects from malicious prosecution, we feel that we should say, also, that so far as this case is concerned, the actions for abuse of process and malicious prosecution are alleged to arise from the same facts and to have resulted in the same sort of damage. They are not separate and independent causes of action, but relate to the same subject matter and should be tried together. The District Judge should accordingly consolidate this action with that for malicious prosecution and submit the consolidated action to one jury just as though both causes of action were alleged in two counts of one complaint; and no final judgment affecting either of the causes of action should be signed until the whole matter has been disposed of by the court.

Reversed.