**GEORGE v. LEONARD et al.**

**Civ. A. 1445.**

United States District Court
E. D. South Carolina, Columbia Division.

May 17, 1949.

206

Wise, Whaley & McCutchen, Columbia, S. C., R. K. Wise, Columbia, S. C., Thomas B. Whaley, Columbia, S. C., Thomas E. McCutchen, Columbia, S. C., for plaintiff.

Robinson & Robinson, Columbia, S. C., D. W. Robinson, Columbia, S. C., James F. Dreher, Columbia, S. C., C. T. Graydon, Columbia, S. C., John K. de Loach, Camden, S. C., for defendants.

TIMMERMAN, District Judge.

This action is one for malicious prosecution. It was combined for trial with a companion case between the same parties, No. 1444, which was an action for malicious abuse of a criminal process. They were combined for trial by consent although they rest upon different factual bases and are controlled by different legal principles. They were combined for trial because (1) the parties were the same in each case, (2) the principal witnesses were to testify in each of the cases, (3) the time of the Court and of litigants would be conserved, and (4) the overall expenses of trial would be reduced.

These cases have been tried together three times. Upon the first trial (Judge Wyche presiding) defendant's motion to dismiss the complaint in each case was granted at the close of plaintiff's evidence. In due time Judge Wyche granted new trials for errors of law. George v. Leonard, D.C., 71 F.Supp. 662, George v. Leonard, 71 F.Supp. 665, D.C. The second trial resulted in a directed verdict for the defendants in the malicious abuse of process case, after all the evidence was in; and a mistrial was ordered in the malicious prosecution case, the jury having failed to agree. On appeal the action of the District Court in directing a verdict for the defendants in the abuse of process case was reversed. George v. Leonard, 4 Cir., 169 F.2d 177.

The Court is now concerned with the results of the third trial of these cases. On this trial, following Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, the Court tried the cases under its conception of South Caro-

lina law. In the malicious abuse of process case the jury returned a verdict in favor of the plaintiff for $415 actual damages, and in the malicious prosecution case it returned a verdict for the plaintiff for $15,000 punitive damages.

The present concern of the Court is the motion of the defendants in the malicious prosecution case "to set aside the verdict for punitive damages and to enter judgment for the defendants in accordance with their motion for a directed verdict." Summarized, the grounds of this motion are as follows: (1) Plaintiff's failure to prove lack of probable cause; (2) plaintiff's failure to prove express malice; (3) plaintiff's failure to prove that the criminal prosecution terminated in his favor; (4) the jury's determination that the plaintiff failed to establish facts warranting actual damages precludes recovery of punitive damages; and (5) judgment for plaintiff in the malicious abuse of process action is a bar to recovery in the malicious prosecution action.

Upon the last trial of these cases the Court was confronted with an apparent contradiction in the opinion in George v. Leonard, 4 Cir., 169 F.2d 177, and also experienced difficulty in reconciling that opinion with its understanding of applicable South Carolina law, which under the Erie decision it was required to follow.

In George v. Leonard, D.C., 71 F.Supp. 662, 663, it was distinctly held: "An action for abuse of process, as distinguished from an action for malicious prosecution and from an action for false imprisonment, constitutes an independent cause of action. The distinctive nature of an action for abuse of process, as compared with actions for malicious prosecution and for false imprisonment, is that it *lies for the improper use of a regularly issued process, not for maliciously causing process to issue, or for an unlawful detention of the person.*" (Italics added.)

The opinion of Judge Wyche was approved in George v. Leonard, 4 Cir., 169 F.2d 177. While the cited District Court opinion does not elaborate all of the distinctive elements of the two alleged causes of action, it does point to the fundamental distinctions between the two types of action.

From them it necessarily follows that proof of the essential elements of one of the stated causes of action would not of itself warrant a verdict for the plaintiff in the other. Each would have to rest upon its own bottom.

What has given serious concern is not the fact that the Appellate Court approved the cited District Court opinion but the further fact (which apparently is in conflict with the first) that the Appellate Court said "that so far as this case is concerned, the actions for abuse of process and malicious prosecution are alleged to arise from *the same facts* and to have resulted in the *same sort of damage. They are not separate and independent causes of action,* but relate to the same subject matter and should be tried together." (Italics added.)

That statement seems to contradict the previous approval of the opinion of Judge Wyche in 71 F.Supp. 663, in that it is succinctly stated in the District Court opinion that "An action for abuse of process, as distinguished from an action for malicious prosecution * * *, constitutes an independent cause of action", while in the Appellate Court opinion it is said [169 F.2d 178] "They are not separate and independent causes of action." They either are or they are not independent causes of action. They cannot be both. As further stated in the District Court opinion, South Carolina is a common law state and "all the states that recognize an action for malicious prosecution and an action for false imprisonment [which South Carolina does], also permit an action for abuse of criminal process, except Georgia."

Under South Carolina law the distinction between causes of action for malicious prosecution and malicious abuse of process is as marked as is the distinction between causes of action for malicious prosecution and false imprisonment. The Court in Whaley v. Lawton, 57 S.C. 198, 35 S.E. 741, 743, in pointing to the distinction between actions for false imprisonment and malicious prosecution, said, "the former proceeds upon the theory that the plaintiff has been arrested without authority of law and illegally deprived of his liberty, while the latter proceeds upon the theory that

the plaintiff has been lawfully arrested under a warrant charging a criminal offense, but that such prosecution is malicious and without probable cause. See McConnell v. Kennedy, 29 S.C. at pages 186, 187, 7 S.E. 76." Applying the foregoing principle to the present situation, it follows that the distinction between an action for malicious abuse of process and one for malicious prosecution lies in the fact that the former proceeds upon the theory that the plaintiff has been the victim of an unauthorized and abusive use of a criminal or civil process, "while the latter proceeds upon the theory that the plaintiff has been lawfully arrested under a warrant charging a criminal offense, but that such prosecution is malicious and without probable cause."

The conflict between South Carolina law and the cited Appellate Court decision, 169 F.2d 177, has been noted solely to show the difficulties under which the last trial was conducted, and also the difficulties attending the disposition of the pending motion.

[4, 5] Upon the issue of the existence of probable cause, the first ground of defendants' motion, there was conflict of testimony. The Court is not concerned with the weight of the testimony or with whether the testimony for the plaintiff was credible. Such considerations were for the jury. Since the evidence was conflicting on the issue of probable cause, the verdict of the jury will not be disturbed on that ground. George v. Leonard, 4 Cir., 169 F.2d 177, 178.

■ The failure of the plaintiff to prove express malice, the second ground of defendants' motion, cannot be sustained. "In an action for damages for malicious prosecution, malice may be inferred from want of probable cause * * *", Jennings v. Clearwater, 171 S.C. 498, 172 S.E. 870, and "in an action for malicious prosecution, * * * the necessary element of malice may be inferred as a fact from the want of probable cause", Bushardt v. United Inv. Co., 121 S.C. 324, 113 S.E. 637, 639, 35 A.L.R. 637.

■ What has been said as to defendants' first ground, plaintiff's failure to prove lack of probable cause, is applicable to the defendants' third ground, plaintiff's failure to prove that the criminal prosecution terminated favorable to him. Upon that point the evidence was conflicting and the issue made thereby was for decision by the jury.

The fourth ground of the motion is the most difficult. In it the defendants contend that the jury's determination that plaintiff's claim of actual damages was not established precluded the recovery of punitive damages, since the Court had instructed the jury that a verdict for punitive damages could not be sustained "unless you find there was actual damage."

■ To start with, we are confronted with the legal effect of the consolidation of the two causes of action for trial. As stated in 1 C.J.S., Actions, § 107, p. 1341: "The term 'consolidation' is used in three different senses. First, where several actions are combined into one and lose their separate identity and become a single action in which a single judgment is rendered; second, where all except one of several actions are stayed until one is tried, in which case the judgment in the one is conclusive as to the others; third, where several actions are ordered to be tried together but each retains its separate character and requires the entry of a separate judgment." Obviously the second sense in which that term may be used is not applicable here. At the time the two cases were ordered tried together by consent, the consolidation was thought of in the third rather than the first sense. This because, under South Carolina law, actions for malicious prosecution and malicious abuse of process were considered separate and distinct causes of action resting upon different states of fact and controlled by different legal principles. That being the case, at the time of the order of consolidation, it rightfully could not be considered in any other sense. However, that was before George v. Leonard, 4 Cir., 169 F.2d 177, 178, in which it was held, perhaps by way of dictum, that "They are not separate and independent causes of action". If indeed one of the causes of action embraces the other or if they are simply components of the same cause of action, let the consolidation be called what it may, then the last trial was conducted upon the wrong theory, and perhaps a new trial should be

209

granted for that reason. But I can find no justification, under the law of South Carolina, for such action. If such action is to be taken, it must be predicated upon the dictum in the last cited case, not upon South Carolina decisions, for there are none supporting that view.

At one time the general doctrine seemed fairly well settled, Watts v. South Bound Railroad, 60 S.C. 67, 72, 38 S.E. 240, 242 that there could be no recovery of punitive damages in a tort suit unless there was also a specific recovery of actual damage, but in later cases that doctrine has been modified. For instance, in Doster v. Western Union, 77 S.C. 56, 57 S.E. 671, 673, it was held that a verdict for punitive damages alone, in a mental anguish case, did not necessarily "negative the idea that there was some actual injury, however slight". In Bethea v. Western Union, 97 S.C. 385, 81 S.E. 675, another case based on willful negligence in failing to promptly deliver a telegram, and which was cited with approval in Tott v. Western Union, 127 S.C. 238, 119 S.E. 870, the Court had this to say: "A verdict which shows upon its face that it is a finding for punitive damages only is, in effect, dual in its nature. It is not only a finding for punitive damages, but also for actual damages, that are merely nominal, and therefore 'not so substantial as to require expression in their verdict.' * * *" [97 S.C. 385, 81 S.E. 676]

The Court then pointed out in what respects the evidence showed that plaintiff had sustained actual damage, and added: "*If there had not been testimony tending to prove some actual damages, even though nominal, the verdict for punitive damages alone would not have been proper.*" (Italics added.)

In Arial v. Western Union, 70 S.C. 418, 50 S.E. 6, 7, it is said: "Punitive damages are recoverable when there has been an intentional invasion of the plaintiff's rights, although the damages sustained by him are nominal."

The application of the recognized exception to the general rule, in other than telegraph cases, was made in Jones v. Atlantic Coast Line R. Co., 108 S.C. 217, 94 S.E. 490. In that case the trial court directed a verdict as to actual damages and then charged the jury: "Punitive damages cannot be allowed where there has been no actual damages, but may be allowed where the actual damages are merely nominal; and the law implies some actual damages from every conscious or willful or reckless invasion of another's rights; so that implied nominal damages would be sufficient to base a verdict for punitive damages, if otherwise a proper case has been made out by the testimony."

The Supreme Court affirmed the judgment for punitive damages, saying, among other things:

"The defendant assigns error in refusing its motion for a directed verdict as to punitive damages, and in the instruction above quoted. Only for the purpose of sustaining the judgment, the plaintiff excepted to the direction of the verdict for defendant for actual damages.

"It is not necessary to consider plaintiff's exceptions and decide whether, upon the case made, plaintiff was not entitled to recover actual as well as punitive damages, because the court instructed the jury that nominal damages are presumed from an invasion of another's rights, and that such presumed damages would be sufficient to sustain a verdict for punitive damages; and the verdict for plaintiff shows that the jury followed that instruction. And although the direction of the verdict for defendant on the issue of actual damages and the instruction quoted may appear to have been inconsistent, the jury were not thereby misled to defendant's injury. If there was any error, it was favorable to defendant. So we pass to defendant's exceptions."

Some years after the Jones Case, in Fitchette v. Sumter Hardwood Co., 145 S.C. 53, 142 S.E. 828, 835, a libel case, the Court said: "The appellants contend that there was no evidence of actual damage and hence the verdict for punitive damages was without foundation. There are cases in this state which support the proposition that *the law implies some actual damage from every conscious, willful, or reckless invasion of another's rights and that such implied damage is sufficient as a basis for a*

*verdict for punitive damages.* Jones v. Railway Co., 108 S.C. 217, 94 S.E. 490; Reaves v. Telegraph Co., 110 S.C. 233, 96 S.E. 295. We have found no South Carolina case involving this point in a libel suit, but, whatever may be the general rule as to other causes of action, it appears to be universally accepted that actual damages are presumed to follow defamatory words which are actionable per se, and need not be shown in order to justify a verdict for punitive damages, the other elements of libel being shown. This rule follows naturally from the very meaning of the terms 'actionable per se' and 'libelous per se.' " (Italics added.)

In a still later case, Cook v. Atlantic Coast Line R. Co., 183 S.C. 279, 190 S.E. 923, 924, the court reviewed previous cases on the point here at issue. In it the plaintiff asked both actual and punitive damages for alleged traumatic injuries occasioned by defendant's alleged willful negligence. The verdict was for plaintiff for punitive damages only. The Supreme Court reversed and ordered entry of judgment for defendant. The Court, among other things, saying:

"Considerable confusion appears in the cases upon this question, as decided by this court, as well as in other jurisdictions. The general rule is that a verdict for punitive damages alone will not stand, but actual damages must be found as a predicate for punitive damages.

"The rule in this state appears to be: Where the pleadings allege and the evidence shows a conscious and willful violation, invasion, or infringement of a legal right, the law will presume damages sufficient to sustain an action, even though such damages may be only nominal and not capable of exact measurement; and in such case a verdict for punitive damages without the finding of actual damages will be sustained, since it will be presumed that such nominal damages incapable of admeasurement have been merged in the punitive damages. But where the actual damages sought are for traumatic injury, or injury to property, then in order to sustain a verdict for punitive damages, there must be actual damages capable of being measured in terms of dollars and cents—

actual damages in some amount must be found independent of punitive damages.

\* \* \* \* \* \*

"Exemplary damages do not and cannot exist as an independent cause of action, but such damages are mere incidents to the cause of action and can never constitute the basis thereof. If the injured party has no cause of action independent of a supposed right to recover exemplary damages, then he has no cause of action at all; consequently, there must be allegations of actual or nominal damages in the pleadings and a proof thereof in the trial of the cause in order to support a verdict for punitive damages alone.

\* \* \* \* \* \*

"The case of Fitchette et al. v. Sumter Hardwood Co., et al., 145 S.C. 53, 142 S.E. 828, involved the writing of a letter containing statements 'libelous per se,' the defendant pleading the truth of the statements and privilege. The court held that actual damages are presumed to follow defamatory words which are actionable per se and need not be shown in order to justify a verdict for punitive damages, the other elements of libel being shown. This rule follows naturally from the very meaning of the terms 'actionable per se' and 'libelous per se.'

"The allowance of exemplary damages without a finding by the jury of actual damages, is, of course, a departure from the general rule, and is only permitted when it is clearly shown that a legal right has been willfully or recklessly invaded, and that nominal actual damages were merged in the verdict for punitive damages."

Then finally, in Gordon v. Rothberg, 213 S.C. 492, 50 S.E.2d 202, 208, a trespass case, it was said: "This case comes within the class of cases where a verdict for punitive damages alone, without a finding of actual damages, could be sustained. Vlasservitch v. Augusta & A. R. Co., 85 S.C. 291, 67 S.E. 306. In this connection, see Cook v. Atlantic Coast Line R. Co., 183 S.C. 279, 190 S.E. 923. The evidence in this case fully warranted the submission of the issue of punitive damages to the jury. A reasonable inference could be

drawn from the testimony that there was a reckless, wilful and conscious invasion of the rights of the respondent by the appellants, and for the sole purpose of collecting his indebtedness to them and to another partnership in which they were interested."

 Libel cases and trespass cases, as distinguished from malicious prosecution cases, are not so dissimilar as to require the application of different principles respecting the recovery of punitive damages. The reason in support of a recovery of punitive damages, without finding a definite amount as actual damages, in each type of case would be the same; the theory being that, in such cases, where a willful or malicious invasion of a private right has been shown and actual damage, although presumed from the wrongful act, is incapable of exact admeasurement, it will be regarded as having been included in the verdict for punitive damages. Obviously it would be as difficult to fix the amount of actual damage in a malicious prosecution case as it would be in a libel case. In each such type of case actual damage would consist largely, if not entirely in the ordinary case, of embarrassment and humiliation, and loss of standing. The Court cannot say what was in the jurors' minds, or that they did not have in mind some actual damage, if only nominal, in finding the verdict for punitive damages.

Moreover, if it be assumed that plaintiff's two claimed causes of action were in fact only one (a view that finds no support in the law of South Carolina and a theory upon which the instant cases were not tried, but which was suggested by counsel for plaintiff in argument on the pending motion), then we have verdicts for both actual and punitive damages. Since the Court is hedged in between the Erie Case and George v. Leonard, 169 F.2d 177—the first a Supreme Court decision and the second a Fourth Circuit decision—it cannot settle the point, but must leave it for appellate decision, if that becomes necessary.

This leaves only the last ground of defendants' motion: That entry of judgment for plaintiff in the abuse of process action is a bar to recovery in the malicious prosecution action. This ground must presuppose that there was in fact but one cause of action, and hence but one wrong for which there can be only one recovery. That postulate has no basis in the law of South Carolina, although it may have in the cited Court of Appeals decision, 4 Cir., 169 F.2d 177. Here again the Court is confronted with the same difficulty expressed above, and, since no support can be found in South Carolina decisions for the point made, the last ground of defendants' motion cannot be sustained.

For the reasons stated, defendants' motion will be denied.

It is so ordered.